SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. FLORENCE M. HALE.

Decided June 17, 1909.

**1.—Judge—Disqualification.**

When a judge is a stockholder in a corporation, he is disqualified to sit in trial of a case in which such corporation is a party.

**2.—Same.**

Where an order is in effect a mutual insurance company, the assets consisting only in the general fund raised by dues and benefit assessments, each holder of a benefit certificate is an owner of the assets of the order in proportion that the amount of his certificate bears to all certificates issued by such order, and he is interested very much in the nature of a stockholder in corporation assets, and such interest disqualifies him from sitting as judge in a case to which the order is a party.

**3.—Same.**

The disqualification of the trial judge is sufficiently established if it appears from the uncontroverted affidavit of the appellant, filed in the lower court, and the written statement of the judge.

Appeal from the District Court of Leon County.    Tried below before Hon. Gordon Boone.

*D. T. Garth* and *Alexander & Hogsett,* for appellant.

*Wm. Watson, Joe H. Seale* and *J. M. Chatham,* for appellee.

ADAMS, SPECIAL ASSOCIATE JUSTICE.—In this case appellee brought suit upon a beneficiary certificate, issued by the Woodmen of the World to Wm. Nathan Hale, husband of appellee, in which certificate appellee was named as beneficiary.

In plaintiff's petition it was alleged that Hale died on May 10, 1907, and was a member in good standing in the order of Woodmen of the World. Appellant (defendant below) for answer set up as a defense the suicide clause in the policy, alleging that Hale took strychnine with suicidal intent.

The appellant also urged that the trial judge, Hon. Gordon Boone, was disqualified, in interest, from hearing and determining the cause, because the judge was a member of the said order, and was at the time

of trial and long prior thereto had been the holder of a benefit certificate for three thousand dollars, payable upon his death to his mother, Mrs. S. H. Boone, and that he was pecuniarily interested in the subject matter of the suit.

The order of Woodmen of the World is a mutual insurance company in effect, and the assets of the order consist only in the general fund of the order, raised by dues and benefit assessments. Each holder of a benefit certificate is an owner of the assets of the order in proportion that the amount of his certificate bears to all the certificates issued by the order. In other words, the entire assets of the order constitute a general fund in which every holder of a certificate is interested very much in the nature of a stockholder in corporation assets.

It certainly disqualifies a judge, when he is a stockholder in a corporation, from sitting as judge in trial of a case in which such corporation is a party. (Williams v. City Bank of Quanah, 27 S. W., 147.)

Appellee contends with able insistence that the case of Dallas v. Peacock (33 S. W., 220) is authority authorizing the trial judge to sit in this cause.

In the case relied on by appellee the City of Dallas was sued for personal injuries, and the judges of the Court of Civil Appeals, Fifth Supreme District, were taxpayers of the city, and certified the question of their disqualification to the Supreme Court, and the Supreme Court answered that they were not disqualified, holding that "a taxpayer in a city, who is not an inhabitant of the city, has no legal relation to the municipality, except in so far as he is liable for the imposts laid upon his property for the support of the municipal government. Has he an interest in a suit for or against the city which does not involve a tax? We think not." And the court reviews the contingencies, upon which an additional tax might affect the judges as taxpayers, and adds: "This seems to us a remote contingency." In other words, the taxes of a municipality belong to the municipality, and not to the taxpayers, and "the principle is that the interest—if such it may be called—is so indirect, remote and contingent that to hold a judge or juror not disqualified by reason thereof does not conflict with the fundamental doctrine that a man can not be made a judge in his own case." The difference in the Peacock case and the case under consideration is, therefore, marked and obvious.

The case of New York Life Ins. Co. v. Sides, 46 Texas Civ. App., 246, is in point on the question at issue. In that case Mrs. Sides sued the insurance company and recovered judgment, from which the insurance company appealed, assigning as error the disqualification of the trial judge. The insurance company was a mutual insurance company and the trial judge held a policy in it. The insurance company had no capital stock and no owners other than its policy-holders.

The policy held by the trial judge was payable to his widow in case of his death, but also had a clause that the trial judge should be paid the amount of the policy, if living at the end of twenty years. All the contentions of the Sides case are in this case, except the twenty-year clause, and this clause could only affect the extent of the policy-holder's interest and in no way affect the question of whether such interest is direct or remote.

The court held the judge disqualified in the Sides case, and we think the decision is conclusive of the question presented on this appeal. Counsel for appellee contend that the question is not properly before the Court, and if it is, that the evidence showing the disqualification is not sufficient to establish the facts.

In answer to the first contention, we think the case of First Nat'l Bank v. McGuire (47 L. R. A., 415), and authorities therein cited, is conclusive against the contention.

As to the second contention, the disqualification is shown by uncontroverted affidavit of counsel for appellant, filed in the lower court, and by the written statement of the trial judge.

To us this seems sufficient. We deem it both unnecessary and improper to pass on the other questions suggested in briefs of both parties. Slaven v. Wheeler, 58 Texas, 23. Because the judge below was disqualified to try this cause the judgment is reversed and cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

Appellee files motion for rehearing and to certify question to Supreme Court.

In this motion appellee cites the cases relied on for affirmance in the original brief.

We have carefully examined these authorities, both in passing on the case originally and in considering this motion.

We can see no good reason to change our first opinion, and the law seems so well settled that we can see no necessity to certify the question to our Supreme Court.

It is quite evident that the Woodmen of the World is a mutual insurance company, that its assets are the property of the holders of benefit certificates issued by the order, and any judgment which requires the order to pay a sum, or releases the order from payment, must affect the assets of the order, and consequently directly affects each benefit certificate in the hands of the owner.

The motions for rehearing and to certify question to Supreme Court are overruled.

*Overruled.*