TEXAS & PACIFIC RAILWAY COMPANY v. JACK PIPPIN.

Decided March 5, 1910.

**Parties—Burning Grass.**

The owner of grass growing upon land (in this instance, a lessee) may sue to recover damages for its negligent destruction by fire, although he was not the owner of the land.

Appeal from the County Court of Eastland County. Tried below before Hon. E. A. Hill.

*Earl Conner,* for appellant.

*J. J. Butts,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—This suit was by Jack Pippin against the Texas & Pacific Railway Company to recover the value of grass alleged to have been burned through the negligence of the defendant, and is a companion case to Texas & Pacific Railway Company v. Wooldridge & Hamby, ante, 384 (126 S. W., 603). The charges given in the two cases were the same, and for the reasons stated in the other case the judgment in this is reversed and the cause remanded for another trial.

But the record in this contains one assignment of error not presented in the former case, which must be discussed. It is contended that, as the evidence showed that the land upon which the fire occurred belonged to plaintiff's father, and not to plaintiff himself, the court erred in refusing to direct a verdict in defendant's favor, or else to charge the jury, as specially requested by defendant, to find in its favor if plaintiff had not proved that he was the owner of the land at the time of the fire. If plaintiff was the owner of the grass, as the evidence clearly showed, he could maintain the suit for its loss through defendant's negligence, even though he did not own the land, and that fact having been established by uncontroverted testimony, there was no error in refusing to peremptorily instruct a verdict for the defendant, nor in refusing the requested instruction. Texas & Pacific Ry. Co. v. Bullard, 127 S. W., 1152; Sutherland on Damages (2d ed.), sec. 1012.

*Reversed and remanded.*