LUMSDEN ·v. JONES et al.    (No. 1735.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 5, 1921. Rehearing Denied Feb. 2, 1921.)

**1. Brokers ⬤=>85(4)—Testimony held admissible on issue of procuring cause of sale.**

In a broker's suit for commission on sale of cattle, testimony of a witness, one of the buyers, that before another buyer went to a convention where cattle were sold he told him not to be afraid of the number of cattle, but to ·go ahead and buy them through another broker, and that he (the witness) had asked such other broker to get a price of $65 per head, etc., held admissible to show matter which would have tended to influence the buyer to purchase through such other broker.

**2. Trial ⬤=>60(2) — Nonimpeaching testimony not inadmissible for lack of predicate.**

In suit for commission on sale of cattle, testimony of a witness that he and a buyer both intended to attend a cattle buyers' convention, but he could not, and told the buyer to go down there and if he found any cattle he thought worth the money to go ahead and buy them, etc., was not inadmissible on any theory that no predicate had been laid for impeachment; such testimony not being introduced for such purpose, and not. tending to impeach the testimony of any one.

**3. Trial ⬤=>219—Failure to define "procuring cause" (of sale) not error.**

In a suit for commission on sale of cattle, the trial court did not err in failing to instruct as to the meaning of the term "procuring cause" (of sale); the words "efficient and pro- 'curing cause" as used not being technical, and not constituting such a term as the trial court is required to define.

**4. Appeal and error ⬤=>1100—Court of Civil Appeals will not express opinion on evidence on issue to be subsequently tried by jury.**

It is not proper for the Court of Civil Appeals to express an opinion on the weight or sufficiency of evidence on any issue to be subsequently tried by a jury.

---

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Suit by C. W. Jones against L. Lumsden, wherein W. K. Dickinson and others were made defendants to defendants' cross-action. From judgment for plaintiff, defendant Lumsden appeals. Reversed, and cause remanded.

W. H. Bledsoe, Bean & Klett, and R. A. Sowder, all of Lubbock, for appellant.

Percy Spencer and M. Fulton, both of Lubbock, and G. E. Lockhart, of Tahoka, for appellees.

---

HALL, J. Appellee, C. W. Jones, sued appellant, Lumsden, to recover a commission alleged to be due him for the sale of 3,750 steers. A former trial resulted in a judgment for plaintiff, which, upon appeal, was reversed by this court. 205 S. W. 375. After reversal plaintiff filed an amended petition, alleging in substance that he was a broker, engaged·in selling cattle during the years of 1916 and 1917, at Lubbock, Tex.; that defendant Lumsden listed with him 3,750 steers; that he procured as purchasers J. T. Robb and J. W. Huddleson, who bought and received the cattle in the spring of 1917. Plaintiff sought to recover upon an alleged agreement to pay 50 cents per head and in the alternative upon a quantum meruit de-

claring that his services were reasonably worth 50 cents per head. By amended answer appellant, Lumsden, demurred generally and specially to the petition and by way of cross-action against W. K. Dickinson, Sr., L. B. Sweeney, J. O. Jones, W. G. Russell, J. A. Wilson, C. D. Robb, N. E. Merrill, and J. I. Powell, alleged that on or about the 21st day of April, 1917, this case was pending against him; that one W. G. Russell was also claiming that he had made the sale of the cattle to the same parties; that there existed a controversy as to whether Russell or Jones had procured the sale of the cattle and as to which was entitled to the commission; that the cross-defendants represented to appellant that Russell was entitled to said commission; that if Lumsden would pay Russell the commission that said Russell would repay him the amount of any judgment, and cost and expenses growing out of the claim of C. W. Jones, together with attorney's fees due Lumsden's attorneys for representing him in the suit; that W. G. Russell and the other cross-defendants entered into a bond, agreeing to indemnify and protect the said Lumsden and Green & Lumsden from all liability, and bound themselves jointly and severally in the penal sum of $3,500 to pay Lumsden and Green & Lumsden promptly all judgments and costs that might be rendered against them when said judgment would become final, as well as their attorney's fees in the sum of $200. Appellant prayed for judgment over against Russell and the sureties on the indemnity bond, for any sums which Jones might recover against him and for $200 attorney's fees, costs of suit, and general relief. The case was submitted to the jury on special issues, which were answered adversely to appellant and judgment rendered accordingly.

[1] The first assignment is that the court erred in sustaining the objections of the plaintiff to the testimony of the witness Crocker, who would have testified that before Robb came to the Amarillo Buyers' & Sellers' Convention he told Robb that if Russell had prices on the cattle, which they asked him to get, and if they were as good as Mr. Russell said they were, not to be afraid of the number, but to go ahead and buy them; that he (Crocker) asked Russell to get a price of $65 per head; that he set the price a little lower than he was really willing to pay; that he and Robb agreed that if Russell got a price on the cattle they would go and look at them. The proposition urged under this assignment is that the broker must show that his efforts were the efficient, procuring cause of the sale, and that the principal may, when sued by the broker, show by any competent evidence that another broker was the efficient cause of the sale. Objections were sustained to this testimony because no predicate had been laid for the introduction of impeaching testimony and because the evidence was immaterial and irrelevant, the said W. G. Russell not being a party to the suit.

[2] Under the second assignment it is also insisted that the court erred in admitting the testimony of the witness Crocker, to the effect that he and Robb both intended to attend the Amarillo Buyers' & Sellers' Convention, but for some business reason the witness was unable to attend; that he told Robb to go down there, and if he found any cattle he thought worth the money to go right ahead and buy them; that he and Robb talked about these cattle; that he called them the Green cattle —anyway he talked about the cattle Mr. Russell was to have a price on, and if the price was right that he told Robb to go and look at them and buy them if he thought them worth the money. It appears that Crocker Bros. & Robb and Huddleson & Son became purchasers of the cattle, and the conversation between Crocker and Robb, which was excluded by the court, was some two or three days before Robb left Kansas to attend the convention in Amarillo. Appellee insists that the testimony was inadmissible because no predicate had been laid for impeachment. This objection is untenable. It was not introduced for that purpose and would not have tended to impeach the testimony of any one. Appellee further insists that it was inadmissible upon the ground that it simply disclosed an agency between Crocker Bros. & Robb as principals and Russell as their agent, to procure the Lumsden cattle for them at a certain price, and a conversation to that end was inadmissible, in the absence of Lumsden and Jones. The record does not show that Russell was ever the agent of Crocker Bros. & Robb, but it clearly appears that Russell was a cattle broker, whose business was to procure purchasers for cattle known to him to be for sale. Crocker and Robb knew he was engaged in this business, and it is evident that they applied to him, not as their agent, but as a broker, engaged generally in the sale of cattle. Lumsden defends upon the theory that Russell, and not appellee Jones, was the procuring cause of the sale. Both Russell and Jones began to try to procure purchasers for the cattle in December, 1916. Jones showed the cattle to prospective purchasers about that time but failed to make a sale. He then went to Amarillo in February, 1917, and introduced Lumsden to Robb and offered to go with Robb and show him the cattle. It also appears that in December, 1916, on a trip to Spur, and at Lubbock, Russell talked with Crocker, and possibly to Robb, about the cattle and agreed to get a price from Lumsden and to see them at Amarillo; that he did see Robb at Amarillo and talked with him and showed him the cattle and brought the parties together

resulting in a contract. Robb represented his firm in the transaction, and his actions were doubtlessly governed more or less by the conversation with his partner Crocker before he left Kansas. Since the instructions there received would tend to influence him in dealing through Russell, that conversation and what was said there is properly part of the things done toward the purchase of the cattle, and the evidence should therefore have been admitted. Obets v. Maney, 146 S. W. 351; Burch v. Hester, 109 S. W. 399; 9 C. J. "Brokers," par. 95, 117, 122.

[3] Under the third assignment appellant urges the proposition that the jury should have been instructed as to the meaning of the term "procuring cause." This assignment is overruled. The words "efficient and procuring cause" are not technical and do not constitute such a term as the trial court is required to define when used in the charge. Ramsey v. Gibson, 185 S. W. 1025.

[4] By the fourth assignment of error appellant insists that the court erred in rendering judgment for appellee for more than $825.75, because the evidence shows that appellee had nothing to do with the sale of the half of the cattle to Huddleson. We will not discuss this assignment in view of another trial. It is not proper for this court to express an opinion upon the weight of or the sufficiency of the evidence upon any issue to be subsequently tried by a jury.

Because of the exclusion of the testimony of Crocker, the judgment is reversed and the cause remanded.