## AVERY CO. OF TEXAS v. WALKER.
### (No. 6285.)

(Court of Civil Appeals of Texas. Austin. Jan. 26, 1921.)

Venue ⬭7—Action to recover price paid for worthless machinery accrues in county where contract made and machinery delivered.

Where a contract for the sale of machinery was made and consummated in Dallas and called for delivery, and the property was delivered f. o. b. cars in Dallas, the cause of action for recovery of the price because the machinery was totally worthless for the intended purpose then arose, and the venue was in that county, though its worthlessness became apparent on a practical demonstration in another county.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by Mrs. Ollie P. Walker, administratrix, against the Avery Company of Texas. From a judgment against defendant on its plea of privilege, it appeals. Reversed and remanded, with instructions.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Spivey, Bartlett & Carter and Ben H. Rice, Jr., all of Marlin, for appellee.

BRADY, J. This suit was brought in the district court of Falls county, by Mrs. Ollie P. Walker, administratrix, to recover damages against Avery Company of Texas, a private corporation. Mrs. Walker resided in Falls county, and the Avery Company was domiciled and doing business in Dallas county. The only issue tried was that arising upon plea of privilege by defendant to be sued in Dallas county and plaintiff's controverting

affidavit, which resulted in a judgment, overruling the plea of privilege and refusing to transfer the cause to Dallas county.

The suit arose out of the purchase, from appellant, of a two row motor cultivator, by appellee's husband, and was to recover the purchase price thereof, upon the ground that the machinery was purchased for use on the farm of Mr. Walker in Falls county, in planting and cultivating crops. It was also alleged that this fact was known to defendant, and that its agents fraudulently represented that the machinery would do certain specified work in Falls county, which was relied upon in the purchase; that, after a trial test on the Walker farm in Falls county, the machinery was shown to be worthless for the purpose for which it was bought.

It was claimed that the contract was breached in Falls county, and that plaintiff's damages accrued in that county, and therefore her cause of action, or a part thereof, arose in such county.

The first 10 assignments of error complain of the admission of certain testimony, over the objections of appellant, but a decision of these questions will be pretermitted, in view of the conclusion we have reached upon the eleventh assignment of error.

The last assignment is to the effect that, under the pleadings and the evidence, the trial court erred in retaining jurisdiction over the person of appellant, and in refusing to transfer the cause to Dallas county, because the proper venue of the cause was in the latter county. We have reached the conclusion that this assignment should be sustained. The undisputed evidence shows that the contract for the sale of the machinery in question was made and consummated between Mr. Walker and appellant, at Dallas, and that the breach, if any, occurred in Dallas county. The contract was for the delivery of the machinery f. o. b. cars at Dallas, and it is pleaded and admitted, by appellee, that the identical machinery purchased was delivered there. Upon delivery to the carrier at Dallas, if the machinery was defective or inadequate for the purpose for which it was purchased, and totally worthless for such purpose, the breach, if any there was, then occurred; and appellee's cause of action for the recovery of the purchase price, if any she has, arose in Dallas county. In support of this holding, we cite the following authorities: Planters' Cot. Oil Co. v. Whitesboro Oil Co., 146 S. W. 225; Harris Millinery Co. v. Bryan, 59 Tex. Civ. App. 477, 125 S. W. 999; Rhome Milling Co. v. Cunningham, 171 S. W. 1081; Tex. Moline Plow Co. v. Biggerstaff, 185 S. W. 341; Texas Seed & Floral Co. v. Schnoutze, 209 S. W. 495; Guinn v. Texas Drug Co., 219 S. W. 507.

Appellee cites the case of Pittman v. Boatenheimer, 210 S. W. 972, as sustaining her contention that the breach of the contract in question and her damages accrued in Falls county. This case recognizes the doctrine that the cause of action consists not merely in the breach of the contract, but that the contract, the breach, and the damages as well constitute the cause of action. However, giving this rule full recognition, we think the facts of the case are clearly distinguishable from those of the instant case. There the damages sued for was the loss of crops, which the plaintiff would have produced had the seed delivered been in accordance with the contract. Here the damages sued for is the purchase price of the machinery. Such damages cannot be said to have accrued in Falls county, under the contract and the facts of this case. As has been heretofore indicated, if the machinery was unsuited for the purpose for which it was bought, and was totally worthless therefor, the purchaser's right to recover the price accrued, if at all, at the time and place where the breach occurred. The fact that the practical demonstration was in Falls county is immaterial to this question. This was but the test, which, at most, demonstrated that there had been a breach of the contract and a legal injury to the purchaser, at the time and place the delivery was made, which, under the contract, was to the carrier at Dallas.

The judgment will be reversed, and the cause remanded, with instructions to the trial court to transfer the cause to Dallas county for trial on the merits.

Reversed, with instructions.