## PERKINS v. TEXAS BANK & TRUST CO.
### (No. 1227.)

(Court of Civil Appeals of Texas. El Paso. April 28, 1921. Rehearing Denied May 19, 1921.)

Pleading ⬥111—Plaintiff's controverting plea held sufficient to show venue in county in which action was brought.

Plaintiff's controverting plea to defendant's plea of privilege to be sued in county of his residence *held* sufficient, in connection with the petition made a part thereof to fix the venue in the county in which action was brought, under Rev. St. art. 1830, subd. 4, providing that, where there are one or more defendants residing in different counties, the suit may be brought in any county where any one of the defendants reside.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by the Texas Bank & Trust Company against Harry Perkins and others. Plea of privilege by named defendant overruled, and he appeals. Reversed and remanded.

Claude Lawrence, of El Paso, and L. Old and G. B. Fenley, both of Uvalde, for appellant.

Jones, Jones, Hardie & Grambling, of El Paso, for appellees.

HARPER, C. J. The Texas Bank & Trust Company brought this suit in El Paso county primarily upon a promissory note for $3,500 and interest balance due thereon, alleging that defendant Weaver executed the note for himself and his codefendant, C. W. Rouse, who was then a silent partner of Weaver; that to secure the payment of said note said parties executed a chattel mortgage on certain goats then located in Sierra and Grant counties, N. M.; that the mortgage was duly recorded; that thereafter defendants Reagor and Johnson, acting through defendants B. H. Barnett and Harry Perkins, of said firm of Reagor & Johnson, for the purpose of unlawfully depriving plaintiff of its property, went into said counties, and there combined and confederated with defendants Weaver and Rouse, purchased from the latter for the firm of Reagor & Johnson said herd of goats, and thereafter brought them into El Paso county, Tex., and converted them to their own use; the said defendants, K. Reagor, G. H. Johnson, B. H. Barnett, and Harry Perkins, have said goats; that plaintiff made demand upon them for said prop-

erty, and for its damage, both of which has been refused, and that it had made demand upon defendants Weaver and Rouse for the payment of its debt, which has also been refused; prayed judgment against Weaver and Rouse for the amount due on said note, and against the other defendant, foreclosing the lien on the goats, and, in the alternative, if the defendants, Reagor, Johnson, Barnett, and Perkins, have disposed of the property, then for judgment against them for the value of the goats, alleged to be $4,100; and attached a copy of the mortgage to the petition.

Defendant Perkins filed his plea of privilege to be sued in Uvalde county, Tex., in due form and substance, to the effect that he was not a resident of El Paso county, neither at the time of filing the suit, service of process, nor at the time of filing of the plea, and that this cause does not come within any of the exceptions mentioned in articles 1830 and 2308, Rev. Stat., authorizing suit against him in El Paso county.

The plaintiff filed a controverting plea, in which it is alleged:

"For its further controverting plea herein, plaintiff comes and says: That this cause comes within the exception to exclusive venue in the county of one's residence, mentioned in articles 1830 and 2308, in this—to wit:

"That F. S. Weaver, a codefendant of the defendant Harry Perkins, is a resident of the county of El Paso and state of Texas, in which county this suit was filed, and is pending; and that the defendant Harry Perkins is sued jointly with this defendant, F. S. Weaver, for conversion of personal property covered by a chattel mortgage, and is within the exception of subdivision 4 of article 1840, of Vernon's Sayles' Civil Statutes of 1914, which provides that—

"'When there are two or more defendants, residing in different counties, the suit may be brought in any county where any one of the defendants resides.'

"IV. For its further controverting plea herein, this plaintiff alleges:

"That it brought this suit in the district court of El Paso county, Tex., Forty-First judicial district, against F. S. Weaver, who had been long prior to the filing of this suit, was then, and is now, a resident of El Paso county, Tex.; that service was had upon defendant, C. W. Rouse, a nonresident of the state of Texas, but found within the county of El Paso, state of Texas, at the time of the filing of said suit; and that service was had and obtained upon the defendant F. S. Weaver, a resident of the county of El Paso, and state of Texas, a codefendant of the defendant Harry Perkins; and that thereafterwards, service was had upon the defendant, Harry Perkins; and that this cause comes within subdivision 4, art. 1830, of Vernon's Sayles' Civil Statutes of 1914. That this suit is a suit duly and properly filed in the district court of El Paso county, Tex., Forty-First judicial district, against F. S. Weaver, then and now a resident of El Paso county, Tex.; C. W. Rouse, a transient person residing in the state of New Mexico, but found in the state of Texas, in El Paso county; K. Reagor,

230 S.W.—47

G. H. Johnson, B. H. Barnett, and Harry Perkins, residents of Uvalde county, Tex., charging the said defendants jointly with 'conversion' of certain personal property covered by a chattel mortgage, in said petition described, and charging all of the defendants jointly with having converted the property in said mortgage described, and with having converted the same, in El Paso county, Tex. And plaintiff here refers to his original and amended petitions filed in this cause, for a full statement of the nature of this cause of action, against the defendants."

Appellant filed general demurrer to said plea, and specifically excepted thereto as follows:

"Specifically excepts to paragraphs 3 and 4; * * * it does not allege that defendant did, in fact, convert said property in El Paso county, Tex., * * * nor that he acted in conjunction with F. S. Weaver, in the conversion of the property, and nothing therein to show any such liability against this defendant as would give the court jurisdiction of this defendant."

Upon hearing, the court overruled the exceptions, and likewise the plea of privilege, to which appellant excepted, and the case is here for review upon that question alone.

Two points are urged by several assignments and propositions: First, it is contended that the controverting plea to appellants' plea of privilege does not contain the necessary allegations to support the order overruling the plea for change of venue; and, second, that the evidence adduced is not that quantum of proof required to enable the plaintiff to resist the application.

Article 1830 reads:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases."

Subdivision 4 of above article, relied on by appellee, reads:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides."

Under the allegations of the plaintiff's controverting plea, of which, by proper reference, the petition in the main suit is made a part, sufficient and proper allegations of fact are made to fix the venue as to all parties sued in the court of El Paso county, and therefore the trial court did not err in overruling the exceptions to the plea.

Next, appellant says, that if the controverting plea be sufficient, appellee has not met the proof now required by an amendment to this statute passed by the Thirty-Fifth Legislature, c. 176, Gen. Laws (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), as follows:

"* * * And if the judgment is one sustaining the plea of privilege, and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

The assignment presented as a proposition is:

"The burden of proof was upon the plaintiff in the case to show by legal and competent evidence that the defendant in the suit was within one of the statutory exceptions, * * * which was not done, in that the only evidence introduced simply showed that he was joined in El Paso county, with a resident of El Paso county, while he, the said Perkins, resided in Uvalde county, and there was no evidence whatsoever to show that the said joinder * * * was under such facts and circumstances as should in law give the district court of El Paso county jurisdiction of said Harry Perkins." Ray v. Kimball, 207 S. W. 351; Bledsoe v. Barber, 220 S. W. 370; Shaw v. Stinson, 211 S. W. 505 (by this court).

The decisions above noted are all controlled by subdivision No. 5, of the article, and are clearly correct; but such a literal construction of the amendment and applied to the statute as to the quantum of proof upon the part of plaintiff under subdivision 4, of the original statute would require that plaintiff adduce evidence to sustain all of the elements of his cause of action, and this the plaintiff (appellee) has not done in this instance. The only case sustaining this amendment to that extent is First National Bank v. Sanford, 228 S. W. 650 (Justice Hodges dissenting). This court is inclined to the views expressed in the dissenting opinion; but, in view of the fact that this is a recent amendment to the statute, and in view of the further fact that the statute clearly indicates that only in case the plea is sustained shall an appeal suspend the trial of the cause, and the further facts that it is apparent that the plea for change of venue was not tried out with the idea that this is the true interpretation of this amendment, and that the evidence upon the question has not been fully developed, and that it might, in the end, be a close question of fact to be determined by the court or jury, as the case may be, we have concluded that the case should be reversed, and remanded for further hearing of evidence by the trial court upon the question of venue. Com. Co. v. Chupick Bros., 225 S. W. 215; T. & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617.

Reversed and remanded.

---

⟁For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes