## RANDALS v. GREEN.  (No. 39.)

(Court of Civil Appeals of Texas. Waco. Jan. 10, 1924. Rehearing Denied Feb. 21, 1924.)

1. **Appeal and error** <b>⟜870(3)</b>—No separate appeal necessary to raise question arising on plea of privilege.

Where a plea of privilege is overruled, and the case is tried at the same term of court, the defendant may present the question of the trial court's action on the plea of privilege, as well as its ruling in the main case in one and the same appeal.

2. **Pleading** ⟜111—Controverting affidavit to plea of privilege may refer to petition.

Where the controverting affidavit to defendant's plea of privilege refers to plaintiff's petition and makes the same a part thereof, it is sufficient.

3. **Judgment** ⟜18(2)—Rendered without jurisdiction shown by petition is a nullity.

Before a court can enter a judgment, plaintiff's petition must state such facts as show that the court has jurisdiction of the subject-matter, and a judgment rendered on a petition which does not affirmatively show that the court has jurisdiction is a nullity.

4. **Pleading** ⟜111—Error to overrule defendant's plea of privilege without first hearing evidence.

In an action based on fraud, in which defendant filed his plea of privilege under Rev. St. art. 1830, to be sued in the county of his residence, the court erred in overruling such plea without first hearing evidence; it being incumbent on plaintiff, in view of article 1903, where defendant files his plea of privilege, to allege and prove the facts which will give the court jurisdiction of the action.

5. **Appeal and error** ⟜912—No presumption that overruling plea of privilege was based on testimony thereafter offered.

Where the record shows that the trial court overruled defendant's plea of privilege without hearing any evidence, the appellate court cannot presume that it based its judgment on the testimony that was afterward offered on the trial of the main case.

### On Rehearing.

6. **Appeal and error** ⟜839(1)—Questions not adjudicated below not considered on appeal.

The appellate court should not attempt to adjudicate any question on appeal, unless the same has been legally passed upon by the district court.

7. **Pleading** ⟜111—Question of venue can be tried at same time as main case.

The question of venue can be tried at the same time as the main case.

Appeal from District Court, Bosque County; I. P. Ward, Judge.

Action by W. H. Green against T. A. Randals. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Geo. P. Robertson, of Meridian, and A. R. Eidson and A. E. Nabors, both of Hamilton, for appellant.

J. P. Word and H. J. Cureton, both of Meridian, for appellee.

BARCUS, J. Appellee filed this suit in the district court of Bosque county against appellant, alleging that appellant through fraudulent representations made by appellant to appellee in Bosque county, obtained possession of a stock of merchandise and fixtures, and fraudulently converted same to his own use and benefit in Bosque county, and by reason thereof appellee was entitled to judgment against appellant for the value of said goods. Appellee also alleged that appellant had written and had distributed in Bosque county a libelous letter, and that by

---

reason thereof he was entitled to damages for injury to his good name.

Appellant filed his plea of privilege in statutory form, alleging his residence to be in, and asking that the cause be transferred to, Hamilton county. Appellee filed a controverting affidavit, which contained a general demurrer to appellant's plea of privilege, and alleging that the district court of Bosque county had venue by reason of the fact that defendant had, by fraudulent representations, obtained possession of plaintiff's stock of goods and converted same in Bosque county, and referred to his petition for a full statement of the facts, and asked the court to consider the allegations contained in the petition in connection with his controverting affidavit.

The plea of privilege and trial of the main case were set for the same date. The bill of exception shows that on the hearing of the plea of privilege—

"the defendant read and presented to the court his plea of privilege, and the plaintiff, after the defendant had read said plea of privilege, * * * read to the court * * * his controverting affidavit and answers to defendant's plea of privilege, and, after both of said instruments were read, the plaintiff called the court's attention to the allegations of his petition and also suggested to the court that the defendant had not alleged in his plea of privilege that the allegations of plaintiff's petition were fraudulently made, and therefore said plea of privilege should be overruled and denied. The court thereupon denied and overruled the defendant's plea of privilege and declined to sustain the same and declined and refused to transfer this cause to Hamilton county, the residence of the defendant, as shown by said plea of privilege, to which the defendant then and there in open court excepted."

At the same term of court the cause was tried, resulting in a judgment against appellant.

Appellant first assigns error because of the trial court's action in overruling his plea of privilege, and then presents a number of assignments complaining of errors which he claims the trial court committed on the trial of the cause.

[1] Appellee objects to our considering the question raised by the plea of privilege because no separate appeal was perfected therefrom. Where a plea of privilege is overruled, and the case is tried at the same term of court, a defendant may present the question of the trial court's action of the plea of privilege, as well as its rulings in the main case, in one and the same appeal. Smith Bros. Grain Co. v. Windsor & Stanley (Tex. Com. App.) 255 S. W. 158.

[2] Appellant contends that the controverting affidavit of appellee was not sufficient because it did not embrace within itself the allegations of fraud and conversion, but simply referred to the petition. Where the controverting affidavit refers to the plaintiff's petition and makes same a part thereof, it is sufficient. First National Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Perkins v. Texas Bank and Trust Co. (Tex. Civ. App.) 230 S. W. 736.

[3-5] There was no testimony offered on the hearing of the plea of privilege. Article 1903 of the statutes provides that the plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue, and, if the plaintiff desires to contest the plea of privilege, he is required to file a controverting affidavit, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending, and he is required to file a controverting affidavit, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending, and he is required to prove such fact or facts. Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Clarke v. Taylor (Tex. Civ. App.) 223 S. W. 878; Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Richardson v. Cage Co. (Tex. Com. App.) 252 S. W. 747; Henry v. Henry (Tex. Com. App.) 251 S. W. 1038.

There is a well-defined difference in a venue and a jurisdiction question. Venue may be waived. Before a court can enter a judgment, the allegations in plaintiff's petition must state such facts as show that the court has jurisdiction of the subject-matter, and a judgment rendered on a petition which does not show affirmatively that the court has jurisdiction is a nullity. Walker Mercantile Co. v. J. R. Raney Co. (Tex. Civ. App.) 154 S. W. 317; Southern Kansas Ry. Co. of Texas v. Vance (Tex. Civ. App.) 155 S. W. 696.

If a plaintiff alleges facts which on their face show the court has jurisdiction of the parties and subject-matter, in order to defeat the jurisdiction of the court the defendant would be required to allege and prove that the allegations contained in plaintiff's petition were fraudulently made for the purpose of conferring jurisdiction.

Article 1830 of the statutes provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, unless it comes within one of the special exceptions named. In a plea of privilege, the defendant is not required to either allege or prove that plaintiff's allegations are fraudulently made; he is only required to plead the county of his residence and that none of the exceptions to exclusive venue in the county of one's residence exists. The fact that the appellant in this cause did not allege in his plea of privilege that the allegations of appellee's petition were fraudulently made did not authorize the trial court to overrule same without hearing testimony. Unless it is clearly shown, both by allega-

258 S.W.—34

tions and proof, that the cause of action comes within one or more of the special exceptions stated in the venue statute, the defendant has a right to have the suit brought in the county of his residence. Lasater v. Waits, 95 Tex. 553, 68 S. W. 500. Where the defendant files his plea of privilege, it is incumbent on plaintiff to allege and prove facts which will give the court venue. The evidence offered on the trial of the main cause raises the issue as to whether there were any fraudulent representations made or conversion by appellant of appellee's property in Bosque county. The record showing that the trial court overruled the plea of privilege without hearing any evidence, it cannot be presumed that it based its judgment on the testimony that was afterwards offered on the trial of the main case. The appellant's assignment of error with reference to the court's overruling his plea of privilege must therefore be sustained. Since it appears that the judgment of the trial court was based on the pleadings, and the evidence in the main case shows that the issue of venue was one to be determined from the testimony, and in the end may be a close question of fact, we have concluded that the cause should be reversed and remanded for hearing of evidence upon the question of venue. Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736.

Reversed and remanded.

### On Rehearing.

[6] Appellant and appellee have each filed long motions for rehearing, and each of the parties is asking this court to pass on the issues presented in their respective briefs. The appellant, however, insists that his plea of privilege should have been sustained and the cause transferred to Hamilton county, and that the district court of Bosque county has no jurisdiction over him. There are some very interesting questions presented in the record, and if we thought it was proper we would not hesitate to express our opinion. The case was disposed of originally on the question of the plea of privilege. We have carefully examined the motions filed and the authorities cited, and we think the disposition we made of the case was proper, and that the motions for rehearing should be overruled. Unless the district court of Bosque county had venue, same having been properly challenged, it did not have the power to pass on any other question raised by the pleadings or evidence, and the appellate court should not attempt to adjudicate any question on appeal, unless same has been legally passed on by the district court. It is, so far as we have been able to find, the uniform holding of the appellate courts, where it was determined that the district court was without jurisdiction, not to pass on any other issues.

In Slaven v. Wheeler, 58 Tex. 23, the court held the trial judge was disqualified, and, after so holding, used this language:

"This being true, that it would be unjust to the parties to express any view in respect to the subject-matter of the litigation."

In Sovereign Camp, W. O. W., v. Hale, 56 Tex. Civ. App. 447, 120 S. W. 539, the trial judge was held to be disqualified by reason of being a member of the order. The case was reversed for that reason, and the court used this language:

"We deem it both unnecessary and improper to pass on the other questions suggested in briefs of both parties."

In Lumsden v. Jones (Tex. Civ. App.) 227 S. W. 358, the court reversed the cause and used this language:

"We will not discuss this assignment [which raised the question of the sufficiency of the evidence] in view of another trial. It is not proper for this court to express an opinion upon the weight of or the sufficiency of the evidence upon any issue to be subsequently tried by a jury."

In Ogburn-Dalchau Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48, the question of venue was raised. The trial court overruled the plea of privilege, and tried the case on its merits, and rendered judgment for the plaintiff on the facts. The appellate court held that the plea of privilege under the facts should have been sustained, and reversed the case, with instructions to sustain the plea, and in disposing of the case used this language:

"There are some other errors growing out of the answers of the jury to the questions submitted by the court, some of which are material and others not, but, in view of the disposition we make of the case, we think it unnecessary to notice them, in as much as they will probably not occur upon another trial."

In the instant case, the parties are raising a number of issues and asking for this court's construction of the pleadings and the legal effect of the written documents and the sufficiency of the testimony, and have quoted very voluminously from testimony offered on the trial of the cause. We believe it will be safer for us to follow the established rule of our courts and refuse to pass on the other questions presented on this appeal, for the reason that, if the trial court has no jurisdiction of the parties, then its judgment is not valid, and, until that issue has been determined, no other issue should be passed on by the courts.

[7] The question of venue can be tried at the same time as the main case. If, however, at the close of the testimony it should be determined by the trial court, or if the question is submitted to the jury, and the jury should determine that the plea of privilege should be sustained, then all other questions should be withdrawn and the cause transferred to

the proper county. Harris Millinery Co. v. Bryan, 59 Tex. Civ. App. 477, 125 S. W. 999.

The respective motions filed by appellee and appellant are overruled.