### FLATT et al. v. REPUBLIC INS. CO.
### (No. 10432.)

Court of Civil Appeals of Texas. Dallas.
June 22, 1929.

Wynne & Wynne, of Wills Point, for appellants.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellee.

JONES, C. J. By a suit instituted in a district court of Dallas county, a judgment is sought by appellee, Republic Insurance Company, against appellants, R. M. Flatt and A. B. Miller. Appellee's petition alleged the residence of appellants to be in Van Zandt county, Texas, and each of them seasonably filed his plea of privilege, seeking to remove the suit to the district court of Van Zandt county, and, from an adverse judgment on the pleas of privilege, both of the appellants have perfected an appeal to this court. The following is a sufficient statement for an understanding of the questions involved:

As shown by the controverting plea, in November, 1919, appellant Flatt sold 57½ acres of land in Van Zandt county to one N. H. Hubbard, and as part of the consideration for the purchase of the land Hubbard executed his note to Flatt in the principal sum of $1,500, secured by the vendor's lien retained in the deed. Flatt conveyed the note and lien to the Gibbard Investment Company, of Dallas, which company entered into a renewal and extension agreement with Hubbard, who executed a new note in a like sum, of date November 5, 1919, and payable to the Gibbard Investment Company, at Dallas, Tex., on November 1, 1929. Such note was secured by a duly executed deed of trust by Hubbard and wife to W. W. Gibbard, trustee, on said 57½ acres of land, and provided for the annual payment of interest and for the usual 10 per cent. attorney fee, in case of default; it also provided for accelerated maturity, if default was made in payment of the interest. On December 10, 1919, Hubbard and wife reconveyed this land to Flatt, who assumed, in writing, the payment of the $1,500 note in accordance with its terms. Thereafter the Gibbard Investment Company, by regular written conveyance, transferred the note and deed of trust lien to appellee.

Default was made in the payment of interest for the years beginning November 1, 1926, November 1, 1927, and November 1, 1928, when appellee exercised its option and declared the note due, and directed the trustee to exercise the power of sale contained in the deed of trust, and to sell the land conveyed to the trustee in discharge of the lien fixed thereon. On the first Tuesday in April, 1928, the land in question was duly sold by the trustee and bid in by appellee for the sum of $1,500, and a deed was duly executed to appellee, and the sum of $1,500 was credited on the amount due on the note. There remained after this credit the amount of $515.-87, for which sum Flatt was liable on his written assumption of payment. At the time the deed of trust was executed on the 57½ acres of land, there was situated thereon a four-room residence, constituting a part of the realty and conveyed to the trustee by the deed of trust. Appellant Miller owned a tract of land adjoining this 57½ acres, and the location of this house was near Miller's land. After the execution of said deed of trust, and after the deed of trust and note had been transferred to appellee, without the knowledge or consent of appellee, this house was moved by appellants from the 57½ acres of land and placed on Miller's land. At the time the trustee advertised and sold the property, and at the time appellee bid the sum of $1,500 for said land, appellee did not know that such house was removed, but assumed that it still remained on the land. The house is alleged to be of the value of $750.

It is further alleged that the security for the payment of the note was lessened in said sum by the removal of the house, and that appellee would not have bid the sum of $1,-500, if it had known the house was not then located on the land, and that the land would not have sold for such price. When this fact was discovered by appellee, demand was made, both on Flatt and Miller, for the house, and for permission to have the house moved back on the 57½ acres of land; both refused the demand, and Miller refused to permit any entry on his land for the purpose of moving the house, and declined either to permit the house to be moved or to pay to appellee the value thereof, and Flatt also refused the demand to pay its value.

Suit was thereupon instituted against Flatt for the balance due on the note, and against Flatt and Miller for the house, or its value, and, in the alternative, to foreclose the deed of trust lien on the house against both defendants. These facts are alleged in detail in the sworn controverting plea to the respective pleas of privilege, and venue is alleged to exist in Dallas county against Flatt, because, by his assumption in writing to pay the note according to its terms, he had contracted in writing to perform the obligation represented by the note in Dallas county, and that, under section 5 of article 1995, the general venue statute, the suit was properly instituted in Dallas county. Appellee alleged venue in Dallas county, as against Miller, because, under the facts alleged, Miller was a necessary party defendant to the suit against Flatt, and, as venue of such suit was properly laid in Dallas county, venue of the suit as to Miller was maintainable in Dallas county, under section 29a of said article 1995, added by Acts 40th Leg., 1927, 1st Called Sess. c. 72, § 2.

■ The pleas of privilege were in proper form, and prima facie entitled both Flatt and Miller to have the suit transferred to the county of their residence. The controverting plea alleged in detail the facts herein stated, as constituting the issues raised by appellee's petition, and prima facie showed that venue of the suit could be maintained in Dallas county, if the allegations of the controverting plea were established at the hearing on the pleas of privilege. The issues thus raised by these pleadings were heard on their merits, and judgment entered overruling each of said pleas.

No assignments of error were filed in the lower court, and none urged here, other than assignments calling our attention to what is claimed to be fundamental error. These assignments, claiming fundamental error, raise the single question as to whether the controverting plea of appellee is sufficient to show prima facie venue in Dallas county; the specific claim being that only conclusions are alleged in the controverting plea, and no facts are alleged on which such conclusions are based.

■ We think these assignments raise the question of fundamental error. If a pleading is insufficient to form the basis of a judgment in favor of the pleader, there is no basis for such a judgment, and this question can be raised for the first time on appeal. Is appellee's controverting plea subject to the infirmity pointed out by these assignments? We think not. The note, forming the basis of the suit against Flatt, is made payable in Dallas county, and when Flatt assumed its payment in writing he contracted to discharge the obligation of the note in Dallas county. Clearly, under said section 5, venue of this suit can be maintained against him in Dallas county. Directly connected with, and growing out of, the subject-matter of the suit on the note, is the claim in reference to the house that, according to the allegations, had been wrongfully removed from the premises, on which a lien had been given to secure the note, and the security lessened in such an amount. The facts alleged in the controverting plea show that appellee is entitled at least to have his lien foreclosed on the house against Flatt and Miller, and its bid of $1,-500 lessened by a sum equal to the reasonable market value of this house. In other words, appellee is entitled, either to judgment against both Flatt and Miller for this house, or to foreclose its lien thereon.

Section 29a of article 1995, enacted by the Fortieth Legislature, declares that, "whenever there are two or more defendants in any suit brought in any county in this state, and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." We hold that the controverting plea alleged facts showing that Miller was a necessary party to that portion of appellee's suit in reference to the house, and, being a necessary party to such suit, under this statute, his plea of privilege was properly overruled.

■ In the discussion, we have necessarily assumed that the facts alleged in appellee's controverting plea were established by proper proof, as there are no assignments of error attacking the sufficiency of this proof, or the manner in which it was developed at the trial. It necessarily follows that this case should be in all things affirmed.

Affirmed.