### SMITH et al. v. ROGERS.

No. 983.

Court of Civil Appeals of Texas. Waco.

Dec. 18, 1930.

Rehearing Denied Jan. 15, 1931.

Lawrence L. Bruhl, of Llano, and A. W. Penn and Geo. E. Shelley, both of Austin, for appellants.

Bennett, Poston & Rogers, of Groveton, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted from an interlocutory order of the district court overruling appellants' pleas of privilege. Appellee

instituted this suit in the district court of Leon county against appellant S. S. Smith as principal and American Surety Company, a corporation, as surety, on his official bond as deputy state game warden in and for Llano county. For convenience appellants will be referred to as said Smith and said surety company. Appellee alleged that said Smith, contriving to injure him, destroy his character and reputation, and expose him to trouble, costs, and charges, on or about the 5th day of December, 1928, by affidavit duly filed, falsely charged him before a justice of the peace of said Llano county with an offense against the criminal laws of the state; that warrant issued on said affidavit; that he was arrested thereunder and illegally confined in the county jail of Leon county; that he appeared before said justice of the peace to answer said charge; that the same was not sustained but was dismissed without trial. He claimed compensatory damages in the sum of $5,000. Said Smith filed his plea of privilege and claimed the right to be sued in Llano county, which he alleged to be the county of his residence. Said surety company filed its plea of privilege and claimed the right to be sued in Travis county, Llano county, or Dallas county. It conceded jurisdiction over it in Travis county on the ground that the official bond upon which this suit is based was filed in the office of the game, fish and oyster commissioner, situated in said county. It conceded jurisdiction over it in Llano county on the ground that the prosecution was instituted in said county, and in Dallas county on the ground that it maintained its general offices in this state in said county. Appellee filed a controverting affidavit to both said pleas of privilege. He alleged therein that the cause of action asserted by him herein was based upon his false imprisonment in Leon county, and that venue was properly laid therein under subdivision 9 of article 1995 of our Revised Statutes, which provides, in substance, that a suit based upon a crime, offense, or trespass may be brought in the county where the same was committed. He further alleged that venue was properly laid in Leon county under article 204 of our Code of Criminal Procedure, which provides, in substance, that the venue of a prosecution for false imprisonment belongs either to the county in which the offense was committed, or to any county through, into, or out of which the person falsely imprisoned may have been carried.

The testimony introduced at the hearing on the issue of venue raised by said pleas of privilege and controverting affidavit showed that said Smith resided in Llano county; that the bond sued on was on file in the office of said commissioner in Travis county; and that the principal office and place of business of said surety company was situated in Dallas county. Said testimony further showed that said Smith made an affidavit charging appellee with a criminal offense and filed the same before a justice of the peace in Llano county; that a warrant was issued by said justice of the peace thereon and that said Smith transmitted the same by mail to the sheriff of Leon county, with a letter instructing him to arrest appellee thereunder and bring him before said justice of the peace unless he made bond for his voluntary appearance to answer said accusation; that said sheriff did arrest appellee and confine him in the county jail of Leon county until he made such bond; that he did appear before said justice of the peace; and that said charge against him was then dismissed without trial. There was no testimony of any improper conduct on the part of the officer in making the arrest. The court upon consideration of said testimony entered an order overruling both said pleas of privilege, from which said order this appeal is prosecuted.

### Opinion.

Appellants contend in their first proposition that appellee's pleadings, considered as a whole, charged a malicious prosecution instituted by said Smith against him before a justice of the peace in Llano county, and that the subsequent arrest and imprisonment of appellee under and by virtue of the warrant issued therein was merely an incident or circumstance attending such prosecution and did not confer venue upon the courts of Leon county. The facts in this case are not materially different from those considered by our Supreme Court in Hubbard v. Lord, 59 Tex. 384 et seq. In that case Hubbard, who resided in Wilson county, sued for damages in the district court of that county and alleged that Lord, a resident of De Witt county, instituted a malicious prosecution against him therein charging him with the theft of cattle, and caused a warrant to be issued on said charge, by virtue of which he was arrested in Wilson county. Lord, upon the hearing of the cause, excepted to the petition on the ground that it showed on its face that such suit was improperly brought in Wilson county. Hubbard sought to maintain venue in said county on the ground that the foundation of the suit was a crime, offense, or trespass committed in Wilson county. The trial court, however, sustained the exception and its action was affirmed on appeal. The Supreme Court in its opinion in that case, after stating that it was made by our Criminal Code an offense to institute a criminal prosecution against any person for the purpose of vexing, harassing, or injuring him, said:

"The offense consists in instituting the prosecution, or causing it to be instituted. In this case, the criminal prosecution was

commenced or instituted by making the affidavits before the district attorney, and having the process issued by a justice of the peace, all of which was done in De Witt county. The arrest in Wilson county was not the institution of the prosecution, and hence the offense was not committed by making it, but was complete when the preliminary steps, including the issuance of the warrant, had been taken. * * * The distinction between an arrest by an officer under a warrant legally issued and coming to his hands in a lawful manner, and one made without warrant or under process from a court having no authority to issue it, is clearly drawn. Under the former he can commit no trespass by executing it according to its command. If he arrests the person he is ordered by it to arrest, he is fully protected, and no action for trespass lies against him for this discharge of his duty. [Citing authorities]. If, on the contrary, he seizes the person of another without warrant, or with one palpably illegal, or issued without the authority of law, he commits a trespass for which he and his abettors are liable in damages. [Citing authorities]. Hence the distinction at common law between the action for false imprisonment and that for malicious prosecution. The former was a suit for trespass and the latter an action upon the case. * * * The first could be maintained only when the arrest was made without legal process; and the latter when the process of the law had been perverted and improperly used without probable cause and for a malicious purpose."

The rule thus announced was followed by the Court of Civil Appeals for the Second District in the case of Leach v. Stone, 264 S. W. 620, 621 et seq., par. 3, and by the Court of Civil Appeals for the Fourth District in the case of Warwick v. First State Bank of Temple, 296 S. W. 348, 349 et seq. Such rule was also expressly approved and adhered to in Hilliard v. Wilson, 65 Tex. 286, 291. The distinction between the arrest and detention of a person charged with an offense by an officer under a lawful warrant and an arrest and detention without warrant is clearly drawn in the excerpt from the opinion in Hubbard v. Lord, above quoted. Since the arrest and detention of appellee was by an officer under a valid warrant, such arrest and detention did not constitute a trespass and the cause of action asserted by him herein was not an action for damages for trespass, but was in fact an action for malicious prosecution only; such arrest and detention being merely an incident of such prosecution. The authorities cited by appellee on the venue of suits for damages for false imprisonment or trespass have no application. Under the authority of Hubbard v. Lord, supra, and

subsequent cases following same, we hold that venue of this suit cannot be maintained in Leon county because appellee's arrest and imprisonment occurred therein. The judgment of the trial court overruling appellants' pleas of privilege must therefore be reversed.

The testimony introduced upon the hearing herein shows affirmatively that said surety company had maintained an agency in Leon county and solicited business therein for twenty years prior thereto. Article 4975 of our Revised Statutes provides that for venue purposes, "surety companies shall be deemed resident of the counties wherever they may do business, and the doing or performing any business in any county shall be deemed an acceptance of the provisions of this subdivision." Said Smith was principal in the bond sued on and said surety company was the surety therein. Under the specific provisions of article 6251 of our Revised Statutes, Smith was a necessary party to this suit. Since the surety company was, by the terms of the statute cited, made, for venue purposes, a resident of Leon county, and since Smith, the principal in said bond, was a necessary party to a suit thereon, such suit can be maintained in said county against both appellants under the provisions of subdivisions 4 and 29a of article 1995 of our Revised Statutes. Fox v. Cone, 118 Tex. 212, 13 S.W. (2d) 65 et seq.; Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S. W. 576 et seq.; Sproles v. Schepps (Tex. Civ. App.) 26 S.W.(2d) 922, 923, par. 2; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, 863 et seq., pars. 2 and 3; Flatt v. Republic Ins. Co. (Tex. Civ. App.) 19 S.W.(2d) 826, 828, pars. 4 and 5. There is a well-established rule of appellate practice in this state that where upon reversal it seems probable that the ends of justice may be better subserved by remanding them by rendering judgment, the former course should be pursued, notwithstanding it is apparent that an amendment of pleadings may be necessary to secure full relief on another trial. Camden Fire Ins. Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842, 844, par. 4, and authorities there cited. This rule is also applicable in the reversal of an order of the trial court on a plea of privilege where same is invoked by the facts disclosed by the testimony in the case. Hayes v. Penney (Tex. Civ. App.) 215 S. W. 571, 572, par. 2; Cassidy-Southwestern Commission Co. v. Chupick Bros. (Tex. Civ. App.) 225 S. W. 215, 216, par. 3; Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736, 738; Randals v. Green (Tex. Civ. App.) 258 S. W. 528, 530 (1st column).

The judgment of the trial court overruling appellants' pleas of privilege is reversed, and the issue is remanded for another trial.