## BURTON v. LOWRY.

### No. 13063.

Court of Civil Appeals of Texas. Fort Worth. Nov. 9, 1934.

Rehearing Denied Dec. 14, 1934.

Hamilton & Hamilton and J. G. Turner, all of Dallas, for appellant.

Bert King, of Wichita Falls, for appellee.

LATTIMORE, Judge.

■ This is an appeal from an order overruling a plea of privilege. The suit was on three notes. The notes were in evidence and the proof sufficient to justify the trial court in finding that appellant executed them. However, appellee's controverting affidavit only alleged "that the notes sued on herein specifically provide that they are payable at the First National Bank of Wichita Falls and that by reason thereof the contract is performable in Wichita County." Assuming that such allegation is not sufficient, it is apparent to us that the ends of justice can be best subserved by remanding this cause to Wichita county for further proceedings, which is all that appellee asks. If the trial court had sustained the general demurrer to the controverting affidavit, appellee could have amended. We now give him that which the trial court should have done. Smith v. Rogers (Tex. Civ. App.) 34 S.W.(2d) 312, 313; Sparks v. West (Tex. Civ. App.) 41 S.W.(2d) 301.

Many cases can be cited pro and con as to whether a case should be remanded or rendered. Each case must stand on its own legs as to what disposition is most promotive of justice. Certainly we will not condone counsel attempting to play hide and seek in the court, but we do not regard this as such a case.

Reversed and remanded.

### On Motion for Rehearing.

■ In deference to the earnest prayer of appellant, we show here that the appeal is from a judgment on the merits also. We thought it not of sufficient importance to mention heretofore, since the reversal on venue carries with it a reversal of the judgment on the merits.

■■ The establishment of a signature by extraneous documents is not admissible unless within the rule laid down by us in Gadberry v. Home Mutual Life Ass'n (Tex. Civ. App.) 57 S.W.(2d) 370, which has been substantially enacted since that decision by statute, article 3737b, Vernon's Ann. Civ. St. (Acts of the 43d Legislature, p. 234, c. 106). However, the contract and check identified by appellee were not in this sense extraneous. They were a part of the transaction in which the notes arose and with which the notes were executed practically simultaneously. Dr. Lowry need not qualify as an expert. He qualifies only as one who by actual experience knows the signature of Mr. Burton and so testifies, and thereupon identifies the signature on the notes.

The motion for rehearing is overruled.