## OVERBEY v. STATE NAT. BANK OF IOWA PARK.

### No. 13124.

Court of Civil Appeals of Texas. Fort Worth.

April 19, 1935.

A. M. Herman and Samuels, Foster, Brown & McGee, all of Fort Worth, for appellant.

John C. Murphree, of Iowa Park, and Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellee.

BROWN, Justice.

John T. Overbey, a citizen of Tarrant county, Tex., died in 1927, leaving a will which was duly probated in Tarrant county, in which he appointed his son, Horace Overbey, as independent executor. He is survived by his sons, Horace and Joe, and his widow, Annetta Josephine Overbey, who took under his will all of his property, except $1,000 in cash.

When John T. Overbey died, he owed a note in the sum of $8,000 executed by him, payable to the order of the First National Bank of Iowa Park, Wichita county, Tex. After Overbey's death, his executor renewed the note twice, before it was barred, signing same as executor of Overbey's estate, and making the renewal note payable in Wichita county, as was the original note.

The executor, who was a citizen of Texas when the will was probated, moved to the state of Oklahoma, after he qualified.

The note has not been paid and was past due on September 18, 1933, when the present owner in due course, State National Bank of Iowa Park, Tex., brought suit in the district court of Wichita county, making Horace Overbey, a resident citizen of Oklahoma, Joe Overbey, a resident citizen of Montgomery county, Tex., and Mrs. Annetta Josephine Overbey, a resident citizen of Taylor county, Tex., defendants.

The plaintiff below pleaded the relationship of the parties to the deceased; alleged that they are his only surviving heirs; that he died possessed of a large estate situated in Tarrant and Wichita counties; that he devised to the defendants all of his property, except the sum of $1,000, which was devised to two adopted children, minors; that the defendant executor administered upon the estate, and moved to Oklahoma, on or about January 1, 1930; that all of the defendants took the properties devised to each of them,

respectively, without paying the debts owing by the estate; that Mrs. Annetta Josephine Overbey has sold and conveyed the properties devised to her and converted the proceeds into cash, notes, or other property, in the sum of more than $20,000; that the other defendants have not yet converted into money the property devised to them, but that, in all probability, the liens against such properties are of such amounts as that they exceed the market value of the same, and no equity remains therein.

Horace Overbey and Joe Overbey answered by general demurrer and general denial. Mrs. Annetta Josephine Overbey, in due time, filed her plea of privilege to be sued in the county of her residence, Taylor county.

Plaintiff bank filed a controverting plea in which the execution of the note, its ownership by plaintiff, its extension by the executor, its maturity, demand for payment, and failure to pay, are fully alleged. Also that Mrs. Overbey has sold and conveyed the properties devised to her and converted same into cash, notes, or other kinds of property, with the exception of about 20 acres of land lying in Wichita county; that all of the property devised to the other defendants has liens against it equal to or in excess of its present market value; that the defendants by their acts in taking possession of and disposing of the properties belonging to the estate of John T. Overbey, deceased, without the payment of the debts against the same, have made themselves jointly and severally liable to the plaintiffs for its debt.

Mrs. Overbey urged a general demurrer and several special exceptions to this controverting plea. All were overruled and proper exceptions taken to such ruling.

The plea of privilege, after a hearing had, was overruled, and Mrs. Overbey has appealed.

The first assignment of error complains of the trial court's action in overruling the general demurrer.

Plaintiff's controverting plea does not describe the 20-acre tract of land lying in Wichita county, which is alleged to be a part of the deceased's estate, now claimed and held by Mrs. Overbey; neither does the petition nor the plea assert or ask for a foreclosure of any statutory lien as against such tract of land.

We are of the opinion that the general demurrer should have been sustained.

Had the general demurrer been sustained, the plaintiff could have elected to amend his petition and plea.

We believe that justice can best be served, under the facts in this case, by reversing and remanding the cause. Burton v. Lowry (Tex. Civ. App.) 77 S.W.(2d) 1059.

The first assignment of error is sustained, and it is unnecessary to pass upon the remaining assignments of error.

Judgment reversed; and cause remanded for a new trial.