W. W. Wetzel et al. v. The State of Texas ex rel.

No. 1449.

Disqualification of Judge by Interest—Enjoining Taxes.—A judge owning property subject to city taxes is disqualified to render a judgment dissolving the city corporation and enjoining the collection of such taxes.

Appeal from Potter.  Tried below before Hon. H. H. Wallace.

*Joseph Hall,* for appellants.—The court erred in holding that it was not disqualified to render the judgment dissolving the city corporation of Amarillo, and enjoining the collection of city taxes; the judge presiding being a tax payer in said city, and thus pecuniarily interested in the result of the suit.  Sayles' Civ. Stats., arts. 1090, 3012; Horan v. Wahrenberger, 9 Texas, 320; Chambers v. Hodges, 23 Texas, 111; Taylor v. Williams, 26 Texas, 586; Newcome v. Light, 58 Texas, 146; Hodde v. Susan, 58 Texas, 393; Gaines v. Barr, 60 Texas, 678; Burk v Bennett, 62 Texas, 278; King v. Sapp, 66 Texas, 520; McFaddin v. Preston, 54 Texas, 406; Nalle v. City of Austin, 85 Texas, 534; 12 Am. and Eng. Encycl. of Law, 40, 43, 47d, 127, 131.

No brief for appellee reached the Reporter.

HEAD, Associate Justice.—Appellants, on March 18, 1893, filed their written application in the court below, asking that a judgment entered in said court on the 28th of September, 1892, against them as respondents, in favor of the State upon the relation of J. T. Holland, be set aside and held void, because the judge who rendered the same was disqualified by reason of interest in the matters in controversy.  The judgment sought to be vacated was one dissolving the corporation of the city of Amarillo, and enjoining appellants, as officers of said city, from collecting the occupation and ad valorem taxes which had been levied upon inhabitants and property therein.  It was agreed that the judge who rendered the judgment owned real and personal property upon which said tax was sought to be collected, and that the collection of his tax was enjoined with the rest.

In the case of the City of Austin v. Nalle, 85 Texas, 534, in speaking of the disqualification of one of the judges of the Court of Civil Appeals, our Supreme Court says: "The bonds already issued were alleged to amount to the sum of $900,000.  The sum of the bonds the issue of which was sought to be enjoined was $500,000.  If the latter obligations should be issued, they would, prima facie at least, authorize the assessment and collection of a tax upon all taxable values in the city for their payment.

If their issue should be restrained, no such tax could be levied. It follows, therefore, as we think, that every holder of property in the city which is subject to taxation has not only an interest in the question to be determined by the suit, but also a direct pecuniary interest in the result."

A pecuniary interest in the result of a suit disqualifies a district-judge, both at common law and under our Constitution and statute. We regard this decision as conclusive of the question presented by this record, and hold that the court below erred in refusing to vacate the judgment rendered at the previous term.

The judgment of the court below will be reversed and the cause remanded, with instructions to that court to set aside the judgment referred to; and as the information was also filed by permission of the same judge, it also must be dismissed.

*Reversed and remanded.*

Delivered November 1, 1893.