## J. W. MORRIS v. R. W. CUMMINGS ET AL.

### No. 651.—Decided April 18, 1898.

**1. Taxation—Towns—Poll Tax.**

A town incorporated under Rev. Stats., chapter 11, title 18, has no power to levy a poll tax. (Pp. 619, 620.)

**2. Same—Statute Construed.**

Rev. Stats., art. 595 (sec. 18, Act, January 27, 1858, Laws 1858, p. 71; Rev. Stats., 1879, art. 522; Laws, 1891, p. 171,) authorizing towns to levy taxes on "persons and property" not to exceed "fifty cents on the one hundred dollars" authorizes the creation of a personal liability for the tax upon property, not the imposition of a poll tax, or tax upon the person only. (P. 620.)

**3. Illegal Taxation—Injunction.**

Where the collection of an illegal tax affecting numerous persons is sought to be enforced, any one or more of the parties sought to be subjected to the imposition may, in the same suit, invoke the interposition of a court of equity to restrain the collection. (P. 621.)

QUESTIONS CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Wise County.

Suit by R. W. Cummings et al. against J. W. Morris, marshal of the town of Alvord, to enjoin the collection of a poll tax imposed by the town. Plaintiffs prevailed and defendant appealed.

*R. E. Carswell*, for appellant.—The court erred in rendering judgment for plaintiffs, because the pleadings of plaintiffs and the evidence fails to show irreparable injuries, or other equity, entitling plaintiffs to the injunction sought and obtained, but shows that plaintiffs have an adequate remedy at law by suit for damages. Blessing v. City of Galveston, 42 Texas, 643; George v. Dean, 47 Texas, 84; Red v. Johnson, 53 Texas, 288.

The municipality of Alvord had the legal right to levy the tax sought to be enjoined, and the same was duly levied and collected. Rev. Stats., art. 595.

*McMurray & Gore*, for appellees.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Second Supreme Judicial District have caused to be certified for our determination the following questions:

"The town of Alvord, in Wise County, was incorporated under chapter 11, title 18, of the Revised Statutes, and for the year 1896 the board of aldermen levied an ad valorem tax of 20 cents on the $100 valuation of property in said town, and a poll tax of $1 on all persons in said town liable for a poll tax under the laws of the State. The marshal undertook to collect this ad valorem and poll tax, amongst others, from C. L. Griffith and R. W. Cummings, who each tendered to him the amount of ad valorem tax due, but because they would not also pay the poll tax, the marshal seized a buggy worth $25 belonging to

Griffith, and a camera worth the same sum belonging to Cummings, and was about to sell the same for said ad valorem and poll tax when by this suit he was enjoined from doing so.

"Pending the suit Cummings paid his tax, and thereby secured a release of the camera. The amount of the ad valorem tax claimed from Griffith, who owned property subject to taxation amounting to $300, was 60 cents. The total valuation of the property in the town subject to taxation was $264,985, and the number of persons subject to poll tax, 125.

"From a judgment perpetuating the injunction this appeal is taken, and we are cited to article 595 of the Revised Statutes, as authority for the levy and collection of the poll tax in question, reading: 'The board of aldermen shall have power to levy and collect an occupation tax of not more than one-half of the amount levied by the State; also to levy taxes on persons and property, real and personal, within the corporation, subject to taxation by the laws of the State; but the tax on persons and property shall not in any one year exceed the rate of one-fourth of one per cent on the one hundred dollars valuation.' No decision construing this article is cited.

"We therefore deem it advisable to certify to your honors for decision the following questions:

"1. Whether or not a town incorporated under chapter 11, title 18, as was Alvord, has the power to levy a poll tax?

"2. If so, whether the article above quoted, in the case stated, authorized the collection from C. L. Griffith, in addition to his ad valorem tax of 60 cents, a poll tax of one dollar?

"3. If not, whether injunction was an admissible remedy?"

We are of opinion, that the board of aldermen of the town of Alvord did not have the power to levy and collect a poll tax upon the inhabitants of that town. The provision in question seems to have had its origin in the 18th section of the act of January 27, 1858, which was a general law providing "for the incorporation of towns and cities." That section is as follows: "Sec. 18. The Board of Aldermen shall have power to levy taxes on persons and property, real and personal, within the town, subject to taxation by the laws of the State; but the tax on persons or property, shall not in any one year, exceed the rate of fifty cents on the one hundred dollars." Laws 1858, p. 71. That section was carried into the more comprehensive statute of 1875, upon the same subject and was incorporated in the Revised Statutes of 1879 in the same language. Rev. Stats., 1879, art. 522. The article was amended in 1891 (Laws 1891, p. 171), and as so amended now constitutes article 595 of the present Revised Statutes quoted in the certificate. It will be noted that the amendment of 1891 makes two changes in the original law. It gives power to levy occupation taxes, and substitutes the word "and" for the word "or" between the word "persons" and the word "property" in both places where those words appear.

The language employed in the article under consideration is obscure.

It is difficult to determine precisely what the Legislature meant by saying that the board of aldermen should have power "to levy taxes on persons and property;" nor is their meaning made much clearer by the somewhat remarkable declaration that "the tax on persons and property shall not in any one year exceed the rate of one-fourth of one per cent on the one hundred dollars valuation." But a·tax upon persons by the head, sometimes called a capitation tax, is not an unusual means of raising revenue for the support of the government, and is commonly and technically known as a poll tax. It is so designated in our present Constitution (art. VIII, sec. 1, and art. VI, sec. 3), and was also so denominated in the Constitution of 1869 (art. 9, sec. 6). And we may say the same generally of our statutes which authorize the imposition of such taxes. The inference is therefore strong, that if it had been intended to authorize the towns in this State, organized under the general law, to levy. a poll tax, the Legislature would have made use of that well-defined term. And again, the Act of 1875, which enlarged the general law for the incorporation of towns and cities passed in 1858, while it retained section 8 of the act last named in regard to taxation by towns, expressly provided that the council of a city should have power to annually assess and collect a poll tax, not exceeding one dollar, of every male inhabitant of said city over the age of twenty-one," etc. This provision is found in the Revised Statutes of 1879 (art. 428) and in our present Revised Statutes (art. 489). It seems that the inference is irresistible that if it had been intended to confer the power upon towns to levy a poll tax, the Legislature would have said so in so many words, as they did in reference to cities incorporated under the same law.

While the words "taxes on persons and property" may tend to show that it was the purpose to authorize a tax upon persons as distinct from a tax upon property, the words do not necessarily require that construction. A tax upon property may not only be a charge upon the property, but it may also create a personal liability upon the owner which may be collected by a sale of property other than that upon which the tax is assessed. Therefore, it is not inaccurate to denominate such a tax, a tax upon person and property. But again, should we construe the words as authorizing not only a tax upon property but also a poll tax, the effect of that construction would be either that the word "persons", in the clause which limits the rate of taxation, means nothing, or that only persons who hold no property are subject to the poll tax. For if the amount taxed against the person and property of each person cannot exceed one-fourth of one per cent of the value of his property, the effect is to exempt him from the payment of a poll tax. One having property in the city, but who was not an inhabitant thereof, would pay one-fourth of one per cent upon its value, while an inhabitant who has property in the city would pay no more; although a male inhabitant without property would be compelled to pay. a poll tax. Can this be

held uniformity of taxation, under the Constitution? It would seem not.

But there is another reason why we think the construction contended for on behalf of the city cannot be maintained. If the article in question grants the power to levy a poll tax, it places no limitation upon it, and none is imposed elsewhere either by the Constitution or by statute. Article 489 of the Revised Statutes, as we have seen, limits the poll tax in cities to one dollar upon each male inhabitant of the city. Should it be conceded that the Legislature can confer an unlimited power of taxation upon the towns of the State, we are loth to think it was intended to do this. Every other tax is carefully guarded and a limitation placed upon it.

If the Legislature meant by the words "taxes on persons and property" taxes on persons by reason of the property owned by them, then the language which places the limitation as to the rate of one-fourth of one per cent upon the valuation becomes intelligible. Otherwise, it is not.

In any event, it is seen that it is at least a matter of the gravest doubt whether the Legislature intended to empower the towns of the State organized under the general law to impose a poll tax and in such a case the rule is that the doubt must be resolved against the tax. U. S. v. Wigglesworth, 2 Story, 369; Gurr v. Scudds, 11 Ex., 190; Partington v. Atty. Genl., L. R. 4 H. L. Cas., 122.

We think in a case like this, in which the collection of an illegal tax affecting numerous persons is sought to be enforced, any one or more of the parties sought to be subjected to the imposition may, in the same suit, invoke the interposition of a court of equity to restrain the collection. Blessing v. Galveston, 42 Texas, 641; George v. Dean, 47 Texas, 73.

We conclude that the first question should be answered in the negative and the second in the affirmative and our opinion will be certified accordingly.