KANSAS CITY, M. & O. RY. CO. OF
TEXAS v. COLE et al.†

(Court of Civil Appeals of Texas. Ft. Worth.
March 30, 1912.)

JUDGES (§ 44*)—DISQUALIFICATION—INTEREST.
Where a judge of a district court was the owner of certain real property in a city when he granted an injunction restraining defendant railroad company from removing its general offices, machine shops, roundhouses, etc., from that city to another, on the theory that such removal would constitute a breach of the contract made by the railroad company's predecessors, he was disqualified to act under Const. art. 5, § 11, providing that no judge may sit in any case in which he is interested; and his injunction so granted was void.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 203–207; Dec. Dig. § 44.*]

Appeal from District Court, Nolan County; Jas. L. Shepherd, Judge.

Suit by S. A. Cole and others against the Kansas City, Mexico & Orient Railway Company of Texas. From an order granting an injunction, defendant appeals. On application to punish appellant railway company and certain of its officers for contempt. Denied.

Stephens & Miller, of Ft. Worth, for relators. J. McD. Trimble and J. A. Eaton, both of Kansas City, Mo., H. S. Garrett, of Sweetwater, Higgins, Hamilton & Taylor, of Snyder, Blanks, Collins & Jackson and Hill, Lee & Hill, all of San Angelo, and Alexander, Power & Ridgway, for respondents.

CONNER, C. J. The above-entitled cause is now pending before us on appeal from an order, made by the judge of the Thirty-Second judicial district, granting a temporary writ of injunction restraining the removal of appellant's general offices, machine shops, etc., from the town of Sweetwater, and for-

bidding, among other things, an amendment of the appellant company's charter, fixing the place of the location of such general offices, etc., at San Angelo, Tex. On February 24, 1912, after due submission, we vacated the temporary writ and set aside the order granting the same, as will be seen from our opinion written by Justice Dunklin, and filed on the date above named. Appellees thereafter, on February 26th, filed their motion for a rehearing and to set aside the decree so made by this court; but in the interim, viz., on the 26th day of February, at an hour prior to the filing of the motion for rehearing, appellant caused an amendment of its charter to be filed with the secretary of state, fixing its general offices, machine shops, roundhouses, and other divisional facilities at San Angelo, Tex., and appellees thereupon, on the 27th day of February, instituted an original proceeding before us, complaining that the temporary writ of injunction issued by the district judge had been thus violated. We thereupon entered fines nisi as for contempt against the appellant railway company and against A. E. Stillwell, its president, H. C. Hord, its general attorney, and other officers named in the complaint, requiring their appearance before us to show cause why such fines should not be made final. The parties named in the complaint were duly cited and have made due answer.

The answer of respondents is duly verified, and, after first disavowing any purpose to violate the lawful orders of either this court or of the judge of the trial court, in effect admit the procurement of the amended charter as alleged, and which is also otherwise clearly established, but defend upon two grounds: First, it is insisted that our judgment, dissolving the temporary writ of injunction, was immediately effective, and that in legal contemplation the temporary writ of injunction had no operative force until after the filing of appellees' motion for rehearing; and, second, that the order of the trial judge, granting the temporary writ, was void, on the ground that he was interested in the cause, contrary to the provisions of our Constitution and statutes on the subject.

Respondents have presented forceful reasoning and authority in favor of their first proposition; but we will pretermit a discussion of this subject, and for the time being will pass the formal determination of the question, for the reason that our conclusion on the second question presented effectually disposes of this proceeding, and for the further reason that in the case of N. G. Buchanan v. T. C. Barnsley, not for publication, from Ector county, under similar circumstances, we made final a nisi judgment as for contempt for the violation of a temporary writ of injunction. The point here first presented, however, was neither raised nor

considered in that proceeding, and need not, therefore, necessarily be binding upon us, although, until further consideration, we now choose to follow the precedent and rest our conclusion in this proceeding upon a determination of the second question. As preliminary thereto, however, we should notice complainants' exception to our consideration of the question; the contention being that it cannot be raised on appeal, citing the opinion of our Supreme Court, on motion for rehearing, in the case of City of Austin v. Nalle, 85 Tex. 550, 22 S. W. 668, 960. The court there held that it would not determine the question of the disqualification of the trial judge, when presented for the first time on appeal. It is to be observed, however, that the case was pending in the Supreme Court on appeal from a final judgment on the merits. The court at the time was exercising its appellate jurisdiction only, and evidently proceeded upon the theory that the trial court was called upon, in the first instance, to determine its own jurisdiction, and that, having done so by assuming to act, the question should be regarded as conclusive, in the absence of the issue having been raised below. Whether this conclusion so announced be correct or not, we need not determine, inasmuch as we think the case cited on the question under consideration is distinguishable from the proceeding we now have under consideration. We are now called upon to exercise our original jurisdiction to punish for contempt. The proceeding was instituted before us for the first time. The parties are not necessarily, nor in fact, we believe, the same, and the question itself not necessarily related to the merits of the case. We therefore think the issue of the disqualification of the judge has been seasonably presented.

This brings us to a consideration of the second question, and, as relating thereto, the answer of the respondents shows, and the fact is not denied, that the judge of the district court who granted the temporary writ of injunction under consideration was at the time the owner of lots 10, 11, and 12, in block 63, in the Orient addition to Sweetwater, Tex., for which he paid the sum of $250, as evidenced by due conveyance by the trustees for the Orient Land Company, dated the 14th day of April, A. D. 1911. Our Constitution (article 5, § 11) provides, so far as here pertinent, that "no judge shall sit in any case wherein he may be interested," and we have been unable to avoid the conviction that the judge ordering the issuance of the writ of temporary injunction was interested in the case, within the meaning of the constitutional provision cited. The plaintiffs, in the petition for injunction, and appellees in this court, present voluminous allegations, from which we will not undertake to quote at large; but it may be stated briefly that as grounds for the injunction it is alleged that a contract had been made with the city of Sweetwater by the appellant railway company, as also a like contract by the lawful predecessors in franchise rights of the appellant company with certain bond and stock holders of such prior companies who are parties to the petition, and which had been ratified and confirmed by the appellant corporation, for the permanent location of appellant's general offices, roundhouse, etc., in said city, all of which will more clearly appear from the opinion of Justice Dunklin, before referred to. It is clear from the averments of the petition that the suit was instituted for the benefit of the citizens and property owners of Sweetwater generally, as well as for the individual bond and stock holders joining in the petition. The petition shows the present location of the appellant's general offices in Sweetwater in accordance with the alleged contracts, and charges that the investments of the petitioners were made upon the faith of the appellant's representations, made by and through its authorized officers, that such location would be permanent, and complain that "it would be unjust, inequitable, and injurious to each and all of the plaintiffs, and would operate as an outrage and fraud upon them and their rights, and would cause them irreparable injury, for which they have no adequate remedy at law, if the defendant should now or hereafter remove its general offices, machine shops and other divisional facilities from the city of Sweetwater." We think it must be admitted that the injuries of legal cognizance, if any at all, to the petitioners and to the citizens and property owners of the city of Sweetwater shown by the petition must be that which would arise by reason of depreciation in value of lots, among other things, situated in Sweetwater in event the general offices, machine shops, etc., should be removed as threatened. The element of injury or damage to the petitioners is as essential to the sufficiency of a petition for injunction as the establishment of a contract or right for a breach of which the action lies; and it seems to us from the averments of the petition it must be assumed that every property owner in the city of Sweetwater is interested in the case made by the petition referred to, and that this interest is of that direct character which disqualifies. The line of distinction between the interest which is so direct as to disqualify and that which is too remote and indirect to do so is sometimes shadowy and difficult of determination.

The case of State v. City of Cisco, 33 S. W. 244, was an action attacking the validity of the municipal corporation which, it was alleged, was threatening the levy of certain taxes upon the property situated within the municipality. After the trial, which resulted in a judgment sustaining the validity of the corporation, it was discovered that the trial judge (who, it happens, was the

writer hereof) owned certain unimproved real estate of little value, but upon which he had paid all taxes, situated within the corporate limits of Cisco. When the question of his disqualification on the ground of interest in the cause was presented on appeal to this court, in an opinion written by Associate Justice Stephens, now of counsel for appellees and complainants herein, it was held that the interest of the trial judge was such as to disqualify him from trying the case, citing with approval, among other cases, that of Wetzel v. State, 5 Tex. Civ. App. 17, 23 S. W. 825. The Wetzel Case was one in which the judgment sought to be vacated was one dissolving the corporation of the city of Amarillo, and enjoining appellants, as officers of such city, from collecting occupation and ad valorem taxes which had been levied upon inhabitants and property therein. It appeared that the judge who rendered the judgment owned real and personal property upon which said tax was sought to be collected, and that collection of his tax was enjoined with the rest. It was held that the interest of the trial judge was such as to disqualify him. The Wetsel Case is also cited with approval by our Supreme Court, in an opinion by Associate Justice Brown, now Chief Justice, in the case of City of Oak Cliff v. State, 97 Tex. 393, 79 S. W. 1068, which was a case involving the question of the disqualification of certain judges of a Court of Civil Appeals, and one of that class of cases wherein the disqualification consists in being "interested in the question to be determined," instead of "interested in the case."

The distinction last noted is illustrated by the case of the New Odorless Sewerage Co. v. Wisdom, 30 Tex. Civ. App. 224, 70 S. W. 354. That was a case in which an action had been brought by Wisdom and others for damages for the pollution of the waters of Elm creek, which flowed through their land beyond, through a tract of land adjoining that of Wisdom, owned at the time by the judge who tried the case. It was held by this court, in an opinion by Justice Hunter, that, while the judge may have been "interested in the question," he was not interested in the case, and therefore was qualified to try it. In that case, it seems evident that the judgment in favor of Wisdom could in no way be made effective in a subsequent suit, had one been instituted, in which the trial judge sought to recover damages upon the same ground. His interest in the case tried, therefore, was not direct, and a writ of error was refused by our Supreme Court.

Relators herein cite the case of Nalle v. City of Austin, 41 Tex. Civ. App. 423, 93 S. W. 142, which is, perhaps, as difficult of disposition as any other cited by them. In that case, the city instituted suit to recover certain city taxes and penalties claimed to be due from Nalle, the defense being the alleged invalidity of the tax because of the nonobservance of certain charter regulations relating to the assessment and levy thereof, and where it was shown that the district judge who tried the case owned property within the city, and was subject to the payment of like taxes and penalties as Nalle, had a like suit been instituted against him for that purpose. It was held, however, by the Court of Civil Appeals for the Third District, that the trial judge was not so interested in the case as to disqualify him. It is said: "Whatever his judgment might be, it could not affect, either directly or indirectly, any suit between him and the city involving the validity of the same ordinance. In any case involving the same question, his conclusion or judgment in this would not be admissible in bar or by way of estoppel. No right of his is affected by the outcome here. Should appellee [the city of Austin] sue him to collect the same tax and penalty, the judgment rendered in this case would establish neither issue nor fact of law in that. The judge trying the case would be influenced in no way by the decision in this case, except only as one lawyer may respect the opinion of another. If Nalle has judgment in this case, the city may go on as before collecting the tax from every other taxpayer; and if the city wins here every other taxpayer may resist the tax upon the same or other grounds. The conclusion reached is that the interest presented by the motion to disqualify was interest only 'in the question' and not in the 'cause.'" This view of the case seems to have the approval of our Supreme Court, inasmuch as writ of error was denied.

We think the case here, however, is different. Whatever the result of the case now pending before us, the final decree must affect the property of the trial judge who issued the writ in precisely the same way and to the same extent as it will the property of any other citizen situated in the city of Sweetwater. If we are right in this conclusion, it must follow that the judge's action in granting the temporary writ of injunction herein was a nullity. In 23 Cyc. p. 599, the rule is thus stated: "In the absence of statute positively prohibiting a judge from taking jurisdiction of a cause in which he is disqualified, the general rule is that his acts therein are only voidable, whether his disqualification arises from interest, from relationship, from having been counsel, or from having presided at a former trial; but there are courts which hold that the acts of a judge, disqualified by interest or by having been counsel, are void, independent of any statutory provisions. Where a judge is by statutory inhibition deprived of authority to act, any proceeding before him is absolutely void, although the parties may agree to waive objection to his jurisdiction and consent that he try the case." Numerous cases are cited in notes to the text, among others a number from Texas, including

Burks v. Bennett, 62 Tex. 277, Newcome v. Light, 58 Tex. 141, 44 Am. Rep. 604, and Templeton v. Giddings (Sup.) 12 S. W. 851, all of which clearly support the text we have quoted. See, also, Johnson v. Johnson, 89 S. W. 1102; Jouett v. Gunn, 13 Tex. Civ. App. 84, 35 S. W. 194; Abrams v. State, 31 Tex. Cr. R. 449, 20 S. W. 987; Chambers v. Hodges, 23 Tex. 104. In this state, as we have seen from the article and section of the Constitution hereinbefore referred to, as may also be seen by reference to Revised Statutes 1895, art. 1068, there exists a positive constitutional and statutory prohibition against any judge sitting in "any cause" wherein he may be interested, and it necessarily follows, we think, that the act of the judge of the Thirty-Second judicial district, in granting the order for the temporary writ of injunction in this case, was coram non judice and utterly void. Respondents, therefore, were not compelled to observe it. While the writ of injunction is one of the most important in the law in aid of obtaining preventive relief, and while courts of equity are ever zealous in preserving due respect for all of its orders, and in proper cases manifest no hesitation in imposing severe penalties for disregard thereof, yet the composition of our free institutions is such that our citizens are not compelled to obey or observe the decree of an individual or court wholly without power to make it. And it seems well settled that in such cases punishment for contempt will not lie. See 2 High on Injunctions, § 1425; Walton et al. v. Develing et al., 61 Ill. 201; Dickey v. Reed et al., 78 Ill. 261; Ex parte Wimberly, 57 Miss. 437.

It follows that the fines nisi heretofore entered must be set aside and respondents discharged; and it is ordered accordingly.