**MARSH, Tax Collector, et al. v. FERGUSON et al. (No. 49.)**

(Court of Civil Appeals of Texas. Waco. Feb. 21, 1924. Rehearing Denied June 12, 1924.)

**1. Judges ⚖️39—Will be held qualified to act if at all possible.**

It is the policy of the courts to hold that trial judge is qualified to act whenever it is at all possible.

**2. Judges ⚖️44—Judge owning property in city held disqualified to sit in action to annul tax.**

Judge owning property in city *held* disqualified to sit in taxpayer's action to declare null and void attempted tax levy.

**3. Judges ⚖️42—Pecuniary interest of judge disqualifies, however small.**

Trial judge pecuniarily interested is disqualified, however small his interest may be.

**4. Appeal and error ⚖️843(1)—After determination trial court was disqualified, other questions cannot be considered on rehearing.**

On appeal where it has been determined that the trial court was disqualified to hear cause, other questions cannot be properly passed upon.

On Rehearing.

**5. Taxation ⚖️608(11)—Individual taxpayer may enjoin collection of illegal taxes to prevent multiplicity of suits.**

An individual taxpayer may in equity enjoin collection of illegal taxes, and thereby prevent multiplicity of suits.

**6. Judges ⚖️44—Disqualified by interest, though taxpayer's suit is nominally for his sole interest.**

A judge's interest as taxpayer disqualifies him to sit in taxpayer's suit, though the suit is nominally for plaintiff's interest and not for all similarly situated.

Appeal from District Court, Madison County; Carl T. Harper, Judge.

Suit by T. Ferguson and others against Foster Marsh, tax collector, and others. Decree for plaintiffs, and defendants appeal. Reversed and remanded.

A. H. Menefee, of Madisonville, and S. W. Dean, of Navasota, for appellants.

Bennett & Broadway, of Normangee, for appellees.

BARCUS, J. Appellees T. Ferguson, T. W. Morley, and Angus Wallace, for themselves and 25 other taxpayers in the town of Madisonville, brought this suit against Foster Marsh, tax collector. J. E. Morris, mayor, and J L. Cooper, secretary of Madisonville, seeking to declare null and void an alleged tax levy made by the city of Madisonville for the year 1922 on personal and real property situated in Madisonville, and during the pendency of the suit sought a temporary injunction restraining the defendants from collecting the tax or declaring the property delinquent, and asked that the temporary injunction on final hearing be made permanent. A temporary writ of injunction was granted by the district judge, Hon. Carl T. Harper, as prayed for On final hearing of the cause before Judge Harper the defendants, as city officials of Madisonville, were permanently enjoined from collecting the tax for the year 1922 as against plaintiffs and those for whom the suit was brought, and the judgment contained this provision:

"It is further ordered, adjudged, and decreed that the tax levy made by the city council for the year 1922 is null and void and of no force and effect, * * * and that there is no valid and sufficient tax levy made by said city council of the city of Madisonville for the collection of tax for the year 1922."

The appellants, by proper plea presented in the trial court and in this court, contend that the district judge was disqualified to try this cause, for the reason that he was interested in the subject-matter. Article 5, § 11, of the Constitution, provides: "No judge shall sit in any case wherein he may be interested." It was an admitted fact that Judge Harper was a resident citizen of, and owned property subject to taxation in, the city of Madisonville, and that he had not paid his city tax for the year 1922.

Appellees contend that Judge Harper was not disqualified, because this was a suit brought by certain taxpayers to prevent the collection of their individual tax, and that under the rule announced in City of Dallas v Peacock, 89 Tex. 58, 33 S. W. 220, and Nalle v. City of Austin, 41 Tex. Civ. App. 423, 93 S. W 141, the district judge did not have such an interest in the cause as would disqualify him and prevent his trying the case.

[1] The question of the disqualification of a trial judge has been before the courts many times, and it is the policy of the courts to hold the trial court qualified whenever it is at all possible.

[2] In the instant case the appellees attack the ordinance levying the tax for the year 1922, and contend that there was no legal tax levy made on any of the property in the city of Madisonville. The judgment of the court sustained that contention, and not only enjoined the city officials from collecting the tax assessed against the property of appellees and those taxpayers for whom the suit was brought, but held that the attempted tax levy in its entirety for 1922 was null and void. The effect of the judgment is to release the property of Judge Harper from said tax. We believe under the facts in this case it should be governed by City of Austin v. Nalle, 85 Tex. 520, 22 S. W 668, 960. in which it was held that Judge Key was disqualified

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to sit in the case on the appellate bench by reason of his owning property in the city of Austin; the suit being one to enjoin the levying of tax by the city council for the purpose of paying bonds and to enjoin the collection of the tax which had already been assessed for said purpose.

In Wetsel v State, 5 Tex. Civ. App. 17, 23 S. W. 825, suit was brought to dissolve the corporation of the city of Amarillo and enjoin the collection of tax. It was held that the trial judge, who owned property in the city, was disqualified; and to the same effect is Cisco v. State (Tex. Civ. App.) 33 S. W. 244.

In Kansas City, M. & O. Ry. Co. v. Cole (Tex. Civ. App.) 145 S W. 1098, the suit involved the removal of the machine shops and roundhouse of the railway company from Sweetwater. It was held that the trial judge was disqualified because of his interest in the litigation; it being an admitted fact that he was an owner of property within the city of Sweetwater and the removal of shops would depreciate the value of his property.

In Holland v. Cranfill (Tex. Civ App.) 167 S. W. 308, the validity of an election levying $400,000 bonds was involved, and the question was presented as to whether the judges of the appellate court were disqualified from passing on the question because each of them was a taxpayer in the city of Dallas. It was held that they had such an interest in the matter that they were disqualified.

In the case of Orndorff v McKee (Tex. Civ. App.) 188 S. W 432, where certain taxpayers brought suit to enjoin the county commissioners' court from making a contract for the paving of a road in El Paso county and issuing warrants therefor, the trial judge, who was a property owner in said county, was held not to be disqualified because his interest and the effect on him if the road should be built were very remote and dependent upon contingencies; and to the same effect is the opinion in the City of Oak Cliff v. State, 97 Tex. 391, 79 S. W. 1068.

[3] It is noteworthy that in almost every case since the decision of City of Austin v. Nalle, 85 Tex. 520, 22 S. W 688, 960, same has been cited, and the Supreme Court in several instances has attempted to clearly enunciate the limit to which it intended that case to extend. In all of the cases, however, it is held that where the trial judge is directly interested in a pecuniary way in the result of the litigation, however small that interest may be, he is disqualified. We do not believe it can be said in the instant case tht Judge Harper is not interested. The result of the judgment, as above stated, is that the attempted ordinance levying the tax for 1922 on his property has been declared void. We believe he is disqualified to try this cause, and by reason thereof the judgment should be reversed.

[4] Since the trial court was disqualified to hear this cause, it would not be proper for us to pass on any other question suggested in briefs. Sovereign Camp, W. O. W , v. Hale, 56 Tex. Civ App. 447, 120 S. W. 539; Slaven v. Wheeler, 58 Tex. 23.

The cause is reversed and remanded.

### On Rehearing.

[5] Appellees in their motion for rehearing insist that this cause should be governed by Nalle v City of Austin, 41 Tex. Civ. App. 423, 93 S. W. 141, instead of by City of Austin v Nalle, 85 Tex. 520, 22 S. W 668, 960. We have again carefully read the record in this cause and the authorities, and have been unable to reach any different conclusion from that announced in the original opinion. It seems to be a well-established principle of law that one individual taxpayer may in equity institute and prosecute an injunction suit to restrain the collection of an illegal tax, and thereby prevent a multiplicity of suits. Morris v Cummings, 91 Tex. 618, 45 S. W. 383; Railway v. Dowe, 70 Tex. 5, 7 S. W. 368; Blessing v. City of Galveston, 42 Tex. 641; Preston v. Finley (C. C.) 72 Fed. 854; Odlin v. Woodruff, 22 L. R. A. 703; Holland v. City of Baltimore, 11 Md. 186, 69 Am. Dec. 195; Russell v. Tate, 7 L. R. A. 181, note; 14 R. C. L. 328.

[6] Counsel for appellees in their brief recognize the rule that, if appellees had brought this suit for themselves and all persons similarly situated, the trial judge would have been disqualified. They contend, however, that they only brought it for themselves and certain other named citizens. Under the above authorities, clearly, where one person interested in the prevention of the enforcement of an illegal tax already assessed and in the process of collection brings suit to enjoin its collection, a judgment rendered enjoining the collector from collecting the tax would inure to the benefit of all similarly situated and be binding upon the courts in all suits thereafter brought involving said tax. It would be a mockery and a travesty on the court to say that each individual taxpayer must bring a suit to enjoin the tax collector from collecting taxes under an ordinance which the court had declared void and had enjoined, simply because the person bringing the suit did not state plainly that he was bringing same for himself and all others similarly situated. It is true, of course, that an individual can bring a suit to restrain the collection of his individual tax without attempting to have the levy declared void and without seeking any relief for the benefit of his fellow townsmen, and in such case the decision in Nalle v. City of Austin, 41 Tex. Civ. App. 423, 93 S. W. 141, would govern. Appellees in this case alleged that the tax levy was a nullity and prayed for and obtained a permanent judgment and injunction so declaring and restraining the tax collector

from collecting the tax, not only against the plaintiffs, but against every one that was affected by the tax. It was an admitted fact that the district judge was a resident taxpayer in the city of Madisonville and had not paid his tax, and the result of this suit is that the district judge has entered an order restraining the tax collector from collecting the tax assessed against his property. We think this is clearly contrary to the Constitution and statutes of Texas, and that the district judge was unquestionably interested in both the case and the question to be determined.

Motion for rehearing is overruled.