W. A. Robbins, Tax Collector et al. v. Limestone County et al.

No. 4137.  Decided April 30, 1924.

(261 S. W., 994.).

**1.—Judge—Disqualification—Interest in Suit—Automobile Tax.**

The judges of the Court of Civil Appeals for the tenth District were not disqualified under the Constitution or statute (Const. art. 5, sec. 11; Rev. Stats., art. 1584) from sitting in the case of an appeal from an order granting a temporary injunction restraining the tax collector of a county from paying over to the State Highway Commission certain fees collected by him as a license tax on automobiles, pending the determination of a suit to determine the constitutionality and validity of the Act of March 14, 1923, Laws, 38th Leg., Ch. 75, p. 155, imposing such license tax, by the fact that, being owners of automobiles they were interested in the result of the cause as persons liable to the tax if the statute were held valid. Hubbard v. Hamilton County, 113 Texas, 547, followed. Nalle v. City of Austin, 85 Texas, 520; Kansas City, M. & O. Ry. Co. v. Cole, 145 S. W., 1098; Atkins v. State Highway Dept., 201 S. W., 226; distinguished. (Pp. 543-546).

Questions certified from the Court of Civil Appeals for the Tenth District, in an appeal from Limestone County.

*W. A. Keeling,* Attorney-General, and *W. W. Caves,* Assistant, for appellant. See brief in companion case of Hubbard v. Hamilton County, next following.

*C. S. Bradley,* for appellees, also arguing against the disqualification of the judges, cited and discussed: Atkins v. State Highway Dept. 201 S. W. 226; Berry v. State, 203 S. W., 901, 902; City of Dallas v. Peacock, 89 Texas, 58, 63; City of Oak Cliff v. State, 97 Texas, 391, 394; Constitution, Art. 5, Sec. 11; Corpus Juris, Vol. 33, p. 989, Sec. 129; Canal Co. v. Dimes, 12 Beav., 63; Nalle v. City of Austin, 85 Texas, 534; R. S. Art. 1675; Riggins v. Richards, 97 Texas, 229, 238; Ryers, In re, 72 N. Y., 15; Taylor v. Williams, 26 Texas, 583.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on certificate from the Court of Civil Appeals for the Tenth District.  In so far as material, the certificate is as follows:

"This suit involves the constitutionality of Chapter 75, Page 155, General Laws Regular Session 38th Legislature.  It was instituted in the 77th District Court of Limestone County, Texas, by said Limestone County, by Road District No. 15 of said county, and by certain citizens of said county and road district in their individual capacities, against W. A. Robbins, Tax Collector of said county, the State Highway Commission of Texas, and the members thereof individually, and the State Highway Engineer.  We do not deem it necessary to set out the allegations in plaintiffs' petition in detail.  Said petition assails the validity of said Chapter 75, page 155, General Laws Regular Session 38th Legislature, on the ground that the same is in conflict with divers and sundry provisions of the Constitution of the State of Texas, and is therefore wholly void and of no force and effect.  A part of the relief prayed in said petition is for the benefit of said individual plaintiffs, who, it is alleged in said petition, respectively own and operate upon the highways of said county and state motor vehicles, which are required to be registered and are subject to the registration or license fees imposed by said Chapter 75 aforesaid, and upon which they respectively allege that they have paid such fees for the year 1924 required by said terms of said chapter, and the specific relief prayed in their behalf is as follows:

" 'That these individual plaintiffs have judgment against defendants, or such of them as may be liable therefor, for such excessive registration fees as they may have paid, and that defendants, and each of them, be perpetually enjoined from hereafter collecting or attempting to collect of plaintiffs fees in excess of the amounts provided by (former) law for the registration of motor vehicles, and that they have judgment of this court that said Chapter 75, and each of the provisions thereof, are void and of no force or effect.'

"The Honorable Judge of said court in vacation granted a temporary injunction in behalf of all the parties plaintiff, restraining the defendant tax collector from turning over to the Highway Commission the major portion of the funds in his hands arising from collections of the registration or license fees imposed by the terms of said Chapter 75 upon owners of motor vehicles operating same upon the highways of said county and state, which injunction, so far as it applies specially to said individual plaintiffs, is as follows:

" '1.  It is therefore considered, ordered, adjudged and decreed by the court that plaintiffs, Zeph Anglin, E. H. Hines, James Smith, Fred C. Oliver, Lewis Jackson and W. R. Hitt, have and they are hereby granted an order enjoining and restraining the defendant, W. A. Robbins, Tax Collector of Limestone County, from turning over

and paying to the defendants, State Highway Commission of the State of Texas, R. M. Hubbard, W. K. Martin, George D. Armistead and J. D. Fauntleroy, as individuals, and as members of said Highway Commission, the several sums of money paid by said plaintiffs to defendant, W. A. Robbins, for the registration of their respective motor vehicles for and during the year 1924, as set out and alleged in Paragraph XI of plaintiffs' first amended original petition, only to the amount it exceeds the amount which was collectable under the previous Acts, and that said defendants be enjoined and restrained from demanding of the defendant, W. A. Robbins, payment thereof until the further order of this court.''

''All the parties defendant in said suit have joined in an appeal from said order of said judge granting said temporary injunction, and said appeal is now pending in this court and said cause was by consent of the parties advanced and set for submission on March 13, 1924.

''Each of the members of this court is the owner of a motor vehicle and operates the same upon the highways of this state, and on account of such ownership and operation is by the terms of said Chapter 75 required to register the same and to pay to the Tax Collector of McLennan County, Texas, annual registration or license fees, and each of them has paid such fees for the year 1924, and is by the terms of said chapter made liable to the payment of said fees annually so long as he may own such vehicle and operate the same upon the highways of this state.

''On said 13th of March, 1924, the members of this court having arrived at the conclusion that they had in contemplation of law a pecuniary interest in the question of the validity of said Chapter 75, the terms of which impose a specific burden upon them in common with all other parties owning and operating motor vehicles upon the highways of this state, severally declared themselves disqualified under the Constitution and law of this state to hear and determine said cause, and caused such declaration of disqualification to be entered of record in the minutes of this court.

''The action of the members of this court in so declaring themselves disqualified and declining to sit in this cause or to receive submission of the same on said date, was based upon the following authorities and precedents, to-wit:

''A decision of the Supreme Court of this state in the case of Nalle v. City of Austin et al., reported in Vol. 22 of the Southwestern Reporter, beginning on page 668, in which decision, in answer to certified questions from the Court of Civil Appeals for the Third Supreme Judicial District, the Honorable Supreme Court held that Judge Key, a member of said Court of Civil Appeals, was disqualified to sit in the hearing of said cause because said suit involved the question of the legality of a tax levied for the current year and to be levied for sub-

sequent years upon all property situated in the City of Austin, he owning property so situated which was subject to such tax.

"A decision of the Court of Civil Appeals for the Second Supreme Judicial District, in the case of Kansas City, M. & O. Ry. Co. of Texas v. Cole, reported in 145 Southwestern Reporter, p. 1098, in which that court held that the judge of the District Court who owned certain real property in a city, which property would be injuriously affected and depreciated in value by removal of the general offices, machine shops, roundhouses, etc. of the defendant railway company from such city to another, was disqualified under the Constitution and laws of this state to grant an injunction restraining such removal, and that the injunction granted by said District Judge was void because of such disqualification. A writ of error was refused by the Supreme Court in said case.

"The precedent set by Chief Justice Key of the Third Court of Civil Appeals in holding himself disqualified and declining to sit in the hearing and determination of the case of Atkins v. State Highway Department, reported in the 201st Southwestern Reporter, beginning on page 226; and the precedent set by two members of the Supreme Court of this state in holding themselves disqualified and declining to sit in hearing and passing upon an application for a writ of error from the Supreme Court to said Court of Civil Appeals in said cause. The ground of disqualification so asserted by Chief Justice Key and said two justices of the Supreme Court was that they respectively owned automobiles. The said case of Atkins v. State Highway Department involved the validity and constitutionality of the original motor vehicle license tax.

"The appellants in this cause have filed in this court a motion, in which they assert that the members of this court respectively erred in holding themselves disqualified to sit and determine the same for the reasons hereinbefore set out, and have asked this court to set aside said entry of disqualification and to proceed to hear and determine this cause. Such motion has been submitted and is pending before this court for action.

"We respectfully submit to the Honorable Supreme Court of this state, for determination on the facts hereinbefore set out, the following questions:

"*First*: Are the justices of this court interested in this cause within the meaning of that term as used in Section 11 of Article 5 of the Constitution of the State of Texas?

"*Second*: Are the justices of this court interested in the question to be determined in this cause within the meaning of Article 1584 of the Revised Statutes of this state?

"*Third*: Should said motion of appellants herein be granted?

In the case of City of Austin v. Nalle, 85 Texas, 520, 22 S. W., 668, cited in the certificate, the plaintiff sought to enjoin the collection of

113 Tex.—35.

a tax already levied and annual bonds already issued. The effect of that judgment was to relieve the property of Judge Key from the tax or to continue the burden upon it without any action being had on the part of the city authorities. City of Oak Cliff v. State, 97 Texas, 391, 392.

The case is further discussed and its effect limited in the subsequent case of City of Dallas v. Peacock, 89 Texas, 58, 63. It has no application here.

The case of Kansas City, M. & O. Ry. Co. of Texas v. Cole, 145 S. W., 1098, is not in point, because of the facts there in issue. The trial judge in that case owned property in the city of Sweetwater, and the suit was brought primarily for the benefit of the property owners of the city generally. Under the allegations of the petition, he necessarily had a pecuniary interest in the suit. It is unnecessary to quote from the opinion, since it is available. It is sufficient to say that the situation of the trial judge in that case is not analogous to that of the justices of the Court of Civil Appeals in this case.

We note the statement that Chief Justice Key and two of the justice of this Court disqualified themselves in the case of Atkins v. State Highway Department, 201 S. W., 226. Opinions touching the disqualifications were not written, and the exact reasons therefor are not available. We do not know the facts considered by the judges as being sufficient to disqualify them. That suit originated in Travis County, and in the absence of the facts and reasons in the minds of the judges who disqualified themselves, there is no reason why their actions should control in the instant case. The fact that the judges referred to noted their disqualification in the Atkins Case is a matter to be considered by us, but in the absence of opinions can not control.

We have carefully considered the questions here involved, and have determined them in the companion case of Hubbard v. Hamilton County, decided to-day but not yet reported. We hold the justices of the Court of Civil Appeals are not disqualified.

Upon authority of Hubbard v. Hamilton County, supra, questions one and two are answered in the negative, and the third question in the affirmative.