**WRIGHT v. STEWART et al.   (No. 9070.)**

(Court of Civil Appeals of Texas. Dallas.
June 19, 1926.)

Judgment ⬅️548—Parties, as class, before trial
and appellate courts are bound by judgment of
appellate court reversing and rendering judg-
ment of trial court.

Where parties, as class, were before both
trial and appellate court in former case, they
were bound by judgment of latter court revers-
ing and rendering judgment appealed from, and
are not entitled to have such judgment reaffirm-
ed and re-entered by district court on subse-
quent action.

Original proceeding by G. G. Wright, re-
ceiver, relator, against Maco Stewart and
others for an injunction. Writ awarded.

John W. Pope and J. L. Zumwalt, both of
Dallas, for relator.

Burgess, Owsley, Storey & Stewart, of
Dallas, for respondents.

VAUGHAN, J.   On the 27th day of May,
1926, respondents H. W. Bishell, J. A. Pick-
in, Chas. Sherwin, Henry R. Nicols, Fred
Antone, Mrs. C. N. Migliavacci, and Ancie
Williams, a minor, by next friend, R. S. Wil-
liams, by and through their attorney, Maco
Stewart, a corespondent, filed their applica-
tion as intervenors in cause No. 42033C,
styled A. A. Cocke, Plaintiff, v. W. M. Webb
et al., Defendants, pending in the district
court of the Sixty-Eighth judicial district of
Texas for Dallas county, to have a certain
judgment, rendered by said district court in
favor of the respondents Bishell, Pickin,
Sherwin, Nicols, Antone, Migliavacci, and
Williams, which was an appeal reversed and
rendered by this court (see T. M. Barlow et
al. v. G. G. Wright, 279 S. W. 593), reaffirmed
and re-entered by said district court, and
the master in chancery to be instructed and
directed to adjudicate the claims of the re-
spondents last named, and persons similarly
situated, upon the basis of the amount of
money contributed by them respectively to
the funds and assets now in the hands of
said G. G. Wright, receiver, and to have the
decree in favor of Barlow and others, ren-
dered by the court of Civil Appeals in said
cause No. 42033C set aside by said district
court, and the receiver directed to pay out
said fund and assets to those creating same,
including respondents last named, and all
others similarly situated according to their
respective pro rata share.

On the 31st day of May, 1926, relator filed
in this court his original petition for writ of
injunction to issue to respondents, command-
ing them, and each of them, to dismiss said
application filed by them on May 27, 1926,
and forbidding the further prosecution of

said application, and perpetually enjoining
them and each of them from filing any suit
or petition or application or motion in said
Sixty-Eighth district court seeking in any
way or manner to set aside, vacate, or nullify
or hinder the due enforcement of the judg-
ment of the said Sixty-Eighth district court
adjudicating claims against the United Home
Builders of America, which judgment was en-
tered in conformity to, and in obedience with,
the judgment of the Court of Civil Appeals
for the Fifth supreme judicial district of
Texas, and likewise enjoining them and each
of them from instituting suit or suits in any
other court upon the causes of action set
forth in their said application, and prohibit-
ing and enjoining them from instituting any
suit or suits, motions, or other proceedings
in any court or courts as against the receiver
and your applicant from doing any act or
thing commanded by the judgment of said
Court of Civil Appeals, or the judgment of
said district court entered in accordance with
the judgment of said Court of Civil Appeals.

The relief sought against the prosecution
of said application is based upon the follow-
ing grounds: That all of the matters and
things alleged in said application of respond-
ents were each and all litigated and deter-
mined by the judgment of this court upon
appeal from the judgment of the court be-
low, and that the application so filed by re-
spondents is an interference with the juris-
diction of this court, being in effect an at-
tempt to annul its judgment, and that, if
said application is permitted to be heard by
said district court, it will hinder and, if sus-
tained, prevent, execution of the judgment of
this court.

The record of the proceedings had in cause
No. 42033C, T. M. Barlow et al. v. G. G.
Wright et al., in the Sixty-Eighth district
court, shows the matters involved in that
cause to be identical with the matters pre-
sented by respondents' application under con-
sideration, and to be the same matters which
were determined by this court in the appeal
prosecuted from the judgment sought by re-
spondents to be reinstated.

It is apparent that the purpose of said
application is to secure an order to be en-
tered in the form of a judgment by said dis-
trict court setting aside and vacating the
judgment of this court reversing and ren-
dering the judgment of the district court
rendered in said cause No. 42033C, and to
have the judgment so reversed and rendered
reinstated and executed as the proper adjudi-
cation of all the rights of the parties before
the court in said cause No. 42033C, as if
said judgment had never been appealed from,
reversed, and judgment rendered by this
court directing the distribution of the pro-
ceeds in the hands of the receiver to be made
to the parties entitled thereto, as adjudged
by this court, contrary to the distribution.

that was directed to be made by the judgment so appealed from and reversed.

It is the judgment of this court that respondents seek to prevent the enforcement of. City of Palestine v. City of Houston (Tex. Civ. App.) 262 S. W. 215; Phil H. Pierce et al. v. W. T. Box, 284 S. W. 231, rendered by this court April 17, 1926. This would be but for the district court to assume the power and authority to review and revise the judgment rendered by this court—surely a most novel announcement of the powers of a district court.

The party respondents, as a class, were before the trial court as parties to said cause No. 42033C, and were before this court in the appeal from the judgment rendered therein. They had their day in court, being properly before both courts as if they had been specifically named in the pleadings filed in the case of Barlow v. Wright as parties plaintiff, and are bound by the judgment of this court reversing and rendering the judgment appealed from in said cause No. 42033C. Kansas City, M. & O. R. Co. of Texas v. Cole et al. (Tex. Civ. App.) 145 S. W. 1098.

Wherefore it is ordered, adjudged, and decreed that the injunctive relief as prayed for by relator be, and the same is hereby, awarded, and the clerk of this court will issue writ of injunction directed to the parties accordingly.

Injunction awarded.