Mrs. Irene **NELSON** et al., Appellants,

v.

**BLANCO INDEPENDENT SCHOOL
DISTRICT** et al., Appellees.

Motion No. 13153.

Court of Civil Appeals of Texas.

Austin.

Jan. 25, 1965.

Moursund & Ferguson, Johnson City, for appellants.

Cofer, Cofer & Hearne, Austin, for appellees.

PER CURIAM.

On the 20th day of January, 1965 there was had a hearing on the motion of appellants in Cause No. 11,280 for an injunction pendente lite restraining appellees from compelling appellants to pay taxes under the assessment and levy made by the Blanco Independent School District for the year 1964, at which hearing appellants and appellees appeared by their respective attorneys and arguments were heard and the Court, after a consideration of the motion the Court on this the 25th day of January, 1965, is of the opinion that an injunction should be and is granted restraining the appellees from compelling or attempting to compel appellants and each of them to pay taxes under the levy, assessment and evaluations for the year 1964.

Any of the appellants may pay any and all taxes assessed against them voluntarily.

This writ is issued in accordance with Article 1823, Vernon's Ann.Civ.St. to enforce and protect the jurisdiction of this Court pending final disposition of the case on appeal.

The suit of appellants was to enjoin appellees, temporarily and permanently, from enforcing or attempting to enforce the assessment or equalization of taxes against them by the Assessor-Collector of Texas

and the Board of Equalization of the Blanco Independent School District, such District, Board, Assessor-Collector and one W. W. Hall being parties defendant, under allegations that the assessment of such taxes were arbitrary, capricious and made pursuant to an unlawful scheme for the assessment of taxable values in such district for the year 1964. The suit was in behalf of all other persons similarly situated.

The trial court sustained a plea to its jurisdiction and rendered judgment that the appellants take nothing by their suit. An appeal to this Court from such judgment has been duly perfected and is now pending and we have jurisdiction of it.

■ The Courts have held that a timely suit for injunction is the proper remedy under the circumstances alleged by appellants: City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414.

The taxes involved in this suit will become delinquent on February 1, 1965. Thereafter the District will be free, if not duty bound, to use all authorized procedures for the collection of delinquent taxes, which could result in a flurry of suits.

■ We are not authorized in an original proceeding to issue writs of injunction based wholly on equitable grounds. We are authorized to issue writs of injunction to protect or enforce our jurisdiction. The law is well stated in Madison v. Martinez, 42 S.W.2d 84, Dallas C.C.A., as follows:

" * * * if the effect of the refusal of the trial court to continue in force the restraining order is to destroy the subject-matter of the appeal, and thereby prevent the effective operation of any judgment this court might render, the jurisdiction of this court would be unlawfully invaded, through the means of the destruction of the subject-matter of the appeal, and the power to issue a proper writ to prevent such condition rests in this court."

See also an excellent opinion on the same subject by Chief Justice Bell in Lee v. Lee, 355 S.W.2d 255, Houston C.C.A.

"No principle is better settled than that a court will protect its jurisdiction by preserving the subject-matter of the litigation in order to make its decrees effective." City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 77 A.L.R. 709.

■ The subject matter of this appeal is appellant's right to have heard and granted their petition for injunctive relief against an unlawful assessment and equalization of their taxes. The effectiveness of our decision in this appeal, if favorable to appellants, will be destroyed if the tax scheme, alleged to be unlawful, is presently put into effect. An accomplished act cannot be enjoined.

■ No bond is required of appellants as a condition to the issuance of this injunction as it is issued under authority of Art. 1823, supra, for the purpose of protecting our jurisdiction, the statute requiring no bond. See Bowlen v. Bowlen, 1 S.W.2d 355, Fort Worth C.C.A.; Ex parte Lee, 127 Tex. 256, 93 S.W.2d 720.

Nothing done hereby or said herein should be taken or construed as an expression of opinion by us upon the merits of this appeal.

Injunction granted.