**William S. DUNCAN, Relator,**

v.

**DRIPPING SPRINGS INDEPENDENT SCHOOL DISTRICT et al., Respondents.**

**No. 13429.**

Court of Civil Appeals of Texas, Austin.

Jan. 30, 1981.

Waggoner Carr, Ken E. Mackey, Austin, for relator.

Doren Eskew, Austin, for respondents.

PER CURIAM.

This is an original proceeding filed in this Court by relator William S. Duncan, an owner of real estate situated in the Dripping Springs Independent School District, "individually and on behalf of all property owners similarly situated," requesting this Court to enjoin respondents, Dripping Springs Independent School District, its Board of Trustees, and its Board of Equalization, from collecting the 1980 *ad valorem* taxes for the District pending the disposition by this Court of Cause No. 13,428, an appeal presently filed here. That appeal was filed by William S. Duncan from an order of the district court of Travis County denying his application for a temporary injunction.

In Duncan's suit in district court, now pending appeal here, he pleaded that certain meetings of the District's Board of Equalization and Board of Trustees were held in violation of the Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17, and any action taken at those meetings was therefore void. By way of relief, Duncan requested the district court to enter an order temporarily enjoining the District from collecting its 1980 *ad valorem* taxes. After hearing, the district court entered its order denying Duncan's application for a temporary injunction. Duncan perfected his appeal to this Court.

On January 22, 1981, relator Duncan filed with the Clerk of this Court his motion for leave to file this original proceeding. This Court granted leave to file and heard oral argument on January 28, 1981. Relator requested immediate injunctive relief from this Court pending the disposition of the appeal in order to protect the jurisdic-

tion of this Court. This Court is of the opinion that an injunction should issue pursuant to Tex.Rev.Civ.Stat.Ann. art. 1823, enjoining respondents from compelling Duncan to pay 1980 *ad valorem* taxes until a final determination is made of Duncan's appeal in Cause No. 13,428. Duncan's appeal of the district court's order is set for submission and oral argument on February 2, 1981.

A court of civil appeals, of course, may issue such writs as are necessary to protect its jurisdiction by preserving the subject matter of the lawsuit pending a hearing in the appeal. Tex.Rev.Civ.Stat.Ann. art. 1823 (1964); *Dawson v. First National Bank of Troup,* 417 S.W.2d 652 (Tex.Civ.App. 1967, no writ).

Relator Duncan argues that the *ad valorem* taxes become delinquent on February 1, 1981, and that unless he obtains immediate injunctive relief in this proceeding, his pending appeal will be moot. Respondents argue to the contrary.

This Court is persuaded that the disposition of this action is controlled by *Nelson v. Blanco Independent School District,* 386 S.W.2d 636 (Tex.Civ.App.1965, writ ref'd n.r.e.). In *Nelson,* relators, in a similar original proceeding filed in this Court, sought an injunction pursuant to Tex.Rev. Civ.Stat.Ann. art. 1823, restraining Blanco Independent School District officials from compelling relators to pay 1964 *ad valorem* taxes until the pending appeal was decided by the Court. This Court held, at p. 637:

"The subject matter of this appeal is appellant's right to have heard and granted their petition for injunctive relief against an unlawful assessment and equalization of their taxes. The effectiveness of our decision in this appeal, if favorable to appellants, will be destroyed if the tax scheme, alleged to be unlawful, is presently put into effect. An accomplished act cannot be enjoined."

.    .    .    .    .

"The taxes involved in this suit will become delinquent on February 1, 1965. Thereafter the District will be free, if not duty bound, to use all authorized proce-

dures for the collection of delinquent taxes, which could result in a flurry of suits." *Id.,* p. 637.

■ Duncan insists here that he is the representative of a class of all persons owning real property within the Dripping Springs Independent School District and that, accordingly, all such persons within that class are entitled to the relief afforded by our decision pursuant to art. 1823.

It is true that in each of his pleadings filed in district court and in his petition filed in the original proceeding, Duncan claimed that he was proceeding individually and on behalf of all owners of real estate within the Dripping Springs Independent School District who are similarly situated. The parties agree, however, that no hearing has been held in district court to determine whether a class action can be maintained, and, of course, no order has been entered certifying the class. See Tex.R.Civ.P. 42 (as amended in 1977). In response to questions from the bench, counsel for relator stated that a hearing in district court to determine whether a class action could be maintained was scheduled in mid-February, 1981.

Duncan claims that his pleading alone was sufficient to create a class action entitling all real estate owners in the District to the benefits of the relief afforded him in this proceeding. This Court does not agree.

As authority for his position, Duncan relies upon *Morris v. Cummings,* 91 Tex. 618, 45 S.W. 383 (1898), and *City of Arlington v. Cannon,* 153 Tex. 566, 271 S.W.2d 414 (1954). Those cases were decided, of course, prior to the amendment of Rule 42 in 1977. Before the adoption of the Rules of Civil Procedure in 1941, a party could bring a class action suit in equity by pleading that: the suit involved one or more parties of a numerous class; the parties had a common interest in the subject matter of the lawsuit; and the named parties were suing in behalf of themselves and all others in the class similarly situated. *City of Dallas v. Armour & Co.,* 216 S.W. 222, 224 (Tex.Civ. App.1919, writ ref'd). The party's pleading

was subject to abatement if indeed one or more of the requirements of a class suit were not present. When the Rules of Civil Procedure were adopted in 1941, Rule 42 (patterned upon Federal Rule 23) required that certain elements be pleaded in order to establish a class action. Rule 42 (1941) did not require that a party seek a hearing and obtain an order from the court certifying a class action. As before, the party's pleading was subject to abatement.

In 1977, Rule 42 was amended to require, among other things, that as soon as practicable after the commencement of suit, the court should determine by order whether it is to be maintained as a class action. Tex.R.Civ.P. 42(c)(1). Accordingly, after September 1, 1977, a party, in order to create a class action, must plead the elements of a class action found in Rule 42(a) and (b) and prove those elements at a hearing set as soon as practicable after the petition is filed. *Smith v. Lewis*, 578 S.W.2d 169, 172 (Tex.Civ.App.1979, writ ref'd n.r.e.).

Duncan's failure to comply with the mandatory requirements of Rule 42 prevents all real estate owners in the District from benefiting from the relief afforded him by this Court.

No bond is required of relator as a condition to the issuance of this injunction, as it is issued under authority of art. 1823 for the purpose of protecting the jurisdiction of this Court. *Nelson v. Blanco Independent School District, supra.*

Nothing written herein should be considered as an expression of opinion by this Court upon the merits of the appeal.