NO. 07-04-0015-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 16, 2004

_____

IN RE GALE GREENSTREET AND JUDY LAWRENCE AS CO-TRUSTEES
OF THE A. M. & J., COLDWATER, AND RED RIVER TRUSTS, RELATORS

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ORIGINAL PROCEEDING**

Gale Greenstreet and Judy Lawrence, as Co-Trustees, relators, proceeding pro se, commenced this original proceeding by filing a "Complaint for an Emergency Preliminary Injunction and Permanent Injunctive Relief [And Damages]." We dismiss the complaint for want of jurisdiction.

Relators reference an opinion and judgment issued by this Court on March 15, 1995, in Cause Number 07-94-0178-CV and request that we enforce that judgment. However, the judgment of an appellate court is enforced at the trial court level after the mandate from the appellate court is received by the trial court clerk and the process of enforcing the judgment commences. Mandate in our 1995 decision was issued on May

24, 1995. Relators also request that we grant an emergency preliminary injunction and a permanent injunction.

The jurisdiction of a court of appeals to grant injunctive relief is limited to preserving or enforcing its jurisdiction over the merits of a pending appeal and not for the purpose of granting relief on equitable grounds nor for protecting a litigant. *See* Pace v. McEwen, 604 S.W.2d 231, 233 (Tex.Civ.App.–San Antonio 1980, no writ); *see also* Nelson v. Blanco Independent School District, 386 S.W.2d 636, 637 (Tex.Civ.App.–Austin 1965, no writ). Because our mandate in the referenced proceeding was issued in 1995, we have no jurisdiction to grant the relief requested.

Accordingly, relators' complaint is dismissed for want of jurisdiction.

Per Curiam