COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Ruben Garcia and Jose Garcia v. Javier E. Perrett

Appellate case number:   01-13-00237-CV

Trial court case number: 1025209

Trial court:             County Civil Court at Law No. 3 of Harris County

On May 28, 2013, appellants, Ruben Garcia and Jose Garcia, filed an emergency motion for temporary restraining order and temporary injunction, requesting that we enjoin the appellee, Javier E. Perrett, from executing a writ of possession against the property located at 1802 Dominic Lane, Houston, Texas 77049; that we enjoin Perrett from obtaining possession of the premises located at 1802 Dominic Lane; and that we enjoin Perrett from evicting the appellants from the premises.

In their motion, appellants allege that a writ of possession issued on April 9, 2013 and was expected to be executed on May 28, 2013. They argue that execution of the writ of possession will require them to leave the premises at issue, thereby causing them damage. Appellants argue that a temporary restraining order and a subsequent injunction are necessary "to preserve the status quo during the pendency of the appeal" and to prevent damage to appellants.

We have jurisdiction to issue writs only as necessary to enforce and protect our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). We may not, however, issue an injunction on wholly equitable grounds or to preserve the status quo or to protect a party from damage pending appeal. *See EMW Manufacturing Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, orig. proceeding); *Parsons v. Galveston County Emp. Credit Union*, 576 S.W.2d 99, 99 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ); *Nelson v. Blanco Indep. Sch. Dist.*, 386 S.W.2d 636, 637 (Tex. Civ. App.—Austin, order), *disp. on merits*, 390 S.W.2d 361 (Tex. Civ. App.—Austin 1965, writ ref'd n.r.e.).

Further, we may not enjoin the judgment of a county court in an eviction suit unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2012); *Phillips v. Branch Banking & Trust Co.*, No. 03-11-00461-CV, 2012 WL 424875, at *1 (Tex. App.—Austin, Feb. 1, 2012, order). The clerk's record in this case, however, does not reflect that appellants posted a supersedeas bond within 10 days of the signing of the trial court's judgment.

Accordingly, we deny appellants' emergency motion for temporary restraining order and temporary injunction.

It is so ORDERED.

PER CURIAM

Date:  June 12, 2013